## GLASSELL vs. MASON.

[ACTION ON LOST BOND, BY TRANSFERREE AGAINST OBLIGOR.]

1. *Who is proper party plaintiff.*—Under section 2129 of the Code, the assignee or transferree of a lost bond or note under seal may maintain an action on it in his own name, although the assignment or transfer was made after the loss of the instrument.
2. *Proof of loss of bond or note.*—Preliminary proof of the loss or destruction of a written contract, is addressed to the court, and not to the jury; and may be made by the party himself, when the facts are within his knowledge.
3. *Affidavit of loss or destruction of bond or note.*—When an action is brought on a bond or note alleged to be lost or destroyed, the plaintiff is not bound to make the statutory affidavit of the "loss and destruction, the contents thereof, and that the same has not been paid or otherwise discharged," (Code, § 2151;) though the affidavit, if made, shifts the burden of proof.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. MCKINSTRY.

THE complaint in this case, as amended, was as follows:
"W. Leroy Mason ⎫   The plaintiff claims of the de-
        vs.      ⎬ fendant the sum of $483 65, due by
Andrew Glassell.  ⎭ bond executed by *plaintiff* on the
6th August, 1845, and bearing interest from the first of
February, 1845; which bond was payable to Charlotte
Thornton, and has been by her transferred and assigned
to plaintiff, with all her right thereunto; which bond was
lost before the commencement of this suit.

"'The plaintiff further claims of the defendant the sum
of $483 65, due by another bond made and executed by
the defendant on the 6th August, 1845, payable to Char-
lotte Thornton, and bearing interest at 8 per cent. from
the 1st February, 1845; which said bond was transferred
to plaintiff by said Charlotte, and, with interest thereon,
is now due, and is the property of plaintiff."

The defendant pleaded *non est factum, nil debet,* and that
plaintiff was not the party really interested in the bond
sued on; and issue was joined on these pleas.

"On the trial," as the bill of exceptions recites, "the
plaintiff introduced a witness who testified, before the
court, that in November, 1846, Mrs. Charlotte Thornton
deposited certain papers with him for collection, and,
among them, a bond, or note under seal, such as described
in the complaint; that in 1848, intending to quit Mobile,
he turned over said bond to Mr. Lomax, an attorney, or
to his brother, C. R. Labuzan, (he was not certain which;)
that inquiry and thorough search, on his return, were
made for said papers, by said Lomax, C. R. Labuzan, and
others, without avail; and that said note was now lost,
and could not be found. The plaintiff then proposed to
prove by said witness the execution and contents of said
bond; to which the defendant objected, and, said objec-
tion being overruled by the court, excepted."

The plaintiff then proved the execution and contents
of the bond, and offered in evidence a writing under seal,
dated the —— day of November, 1857, by which Mrs.
Thornton transferred to him the lost bond now sued on.
The defendant objected to the introduction of the assign-
ment as evidence, and reserved an exception to the over-

ruling of his objection.    The execution of the assignment was proved.

"This was all the evidence in the cause; and thereupon the defendant asked the court to charge the jury,—

"1. That to entitle the plaintiff to a verdict, he must prove that the bond was endorsed to him by Mrs. Thornton, and that the mere transfer of the bond on a separate piece of paper, or by delivery, is not sufficient to support the action.

"2. That the jury, if they believed from the evidence that the transfer of the bond took place after its loss occurred, must render their verdict for the defendant.

"3. That to entitle the plaintiff to a verdict, the jury must be satisfied from the evidence that the bond was destroyed, and proof of its loss only is not sufficient.

"4. That the plaintiff is not entitled to recover under the evidence in this case, even though the jury believe from the evidence that the bond was lost and destroyed.

"5. That the plaintiff's failure to produce the bond in evidence raises a presumption of payment, and, in order to entitle him to a verdict, he must prove that it has not been paid."

The court refused each of these charges, but gave the last with this qualification: "That if the plaintiff shows the bond was lost, this satisfies the presumption arising from the failure to produce it." The defendant reserved exceptions to the refusal of the several charges asked, and to the qualification annexed to the charge given; and he now assigns as error all the rulings of the court to which he reserved exceptions.

L. S. LUDE, for appellant.

WM. G. JONES, contra.

STONE, J.—We do not feel called upon to decide the question, whether a lost note or bond can be so endorsed or assigned as to vest the legal title in another. Under the Code, (§ 2129,) "every action founded upon a promissory note, bond, or other contract, express or implied, for the payment of money, must be prosecuted in the

name of the party really interested, whether he have the legal title or not." We feel satisfied, that a debt created by bond, which bond has been lost, is still a debt or contract for the payment of money, and is embraced by the section of the Code above copied.

[2.] The rule which requires preliminary proof of the destruction or loss of a written contract, before evidence of its contents can be received, is a rule affecting the *grade* of the evidence—not the measure of proof. It is a rule of law founded in good policy; a failure to comply with which does not simply leave the party's evidence insufficient. It goes farther, and pronounces it wholly illegal. It is not one of the questions of fact within the issue before the jury. It is an outside inquiry, preliminary to the introduction of any evidence to the jury as to the contents. If this were not the case, a plaintiff who proved a just demand against the defendant, and the amount of it, must yet lose his case, if he failed to convince the jury that the written evidence of his contract was lost or destroyed. Suppose, in such case, the jury should return a special verdict; and, in addition to finding the issue joined in favor of the plaintiff, should, of their own motion, further find that the note or bond was not lost. What judgment would be rendered on such verdict? Evidently for the plaintiff, because the verdict, to the above extent, would not be responsive to the issue. The jury would be pronouncing on the legality, not the sufficiency of the evidence. This preliminary proof is always addressed to the court, and may be made by the party himself, when the facts are within his knowledge.—See 1 Greenlf. Ev. § 349, and note, § 558; Thomas v. DeGraffenreid, 17 Ala. 602; also authorities cited in Brister v. The State, 26 Ala. 107.

The paper called an assignment was properly admitted in evidence. It tended to show the plaintiff's ownership of the demand.

[3.] Suits may be brought on lost notes or bonds, and the plaintiff is not bound to make affidavit of the "loss and destruction, and the contents thereof, and that the same has not been paid, or otherwise discharged." If

such affidavit be made, and accompany the complaint, it shifts the *onus* of proof; but this rule does not forbid a suit without such affidavit.—Code, § 2151; Bell v. Moore, 9 Ala. 824.

The charges asked are easily disposed of. None of them ought to have been given. The fifth, which was given with a qualification, was too favorable to defendant. In the absence of the bond, the plaintiff certainly could not recover, until he laid the predicate, by preliminary proof to the court of the loss or destruction of the bond, and then proved its execution and contents. Doing this, however, the law did not require him to prove that it had not been paid. This, in most cases, would be an impossibility.

Judgment of the city court affirmed.