[Tapscott v. Gibson.]

# Tapscott v. Gibson.

## Action on a Lost Bond.

1. *Action upon a lost bond; defect in affidavit accompanying com-
    plaint no ground of objection to complaint.*—An action may
    be brought on a bond or note alleged to be lost or destroyed,
    without the plaintiff making the statutory affidavit of the
    "loss and destruction, the contents thereof, and that the
    same has not been paid or otherwise destroyed," (Code, § 31),
    the purpose of such affidavit being to shift the burden of
    proof; but if an affidavit intended to be made, as prescribed
    by said section of the Code, is attached to the complaint, de-
    fects in such affidavit constitute no ground of objection or
    demurrer to the complaint.

2. *Pleading and practice; amendment of complaint.*—Where the
    original complaint in an action contains a single count seek-
    ing to recover upon a promissory note which is averred to
    contain a waiver of exemptions and a promise to pay reason-
    able attorney's fees, it is permissible to amend the com-
    plaint by adding a second count which seeks to recover upon
    a promissory note without the conditions as alleged in the
    original complaint; such amendment not being the substi-
    tution of an entirely new cause of action.

3. *Same; same.*—A court has power, after the trial has been en-
    tered upon, to allow an amendment of the complaint so as
    to make the allegations of the terms of the contract declared
    on correspond with the evidence; and where the original
    complaint contains a single count seeking to recover upon a
    promissory note, and there is evidence introduced tending to
    show that the writing sued on was under seal and therefore
    a bond and not a note, it is proper for the court to allow
    the plaintiff to amend his complaint by the addition of an-
    other count seeking to recover upon a bond; such bond as
    described in the amended complaint relating to the same cause
    of action declared on in the first count.

4. *Trial and its incidents; charge of court as to evidence illegally
    admitted.*—Where incompetent and illegal testimony has been
    admitted in evidence, which might have been excluded at
    any stage of the trial on proper motion, the admission of
    such evidence is rendered harmless to the adverse party by
    a charge given at his instance, instructing the jury that it

[Tapscott v. Gibson.]

was not evidence of the fact to which it was directed; such charge being equivalent to excluding the incompetent testimony.

5. *Promissory note; estoppel.*—Where the maker of a note induces a person to purchase said note, stating at the time that it was a binding obligation, he is estopped from thereafter, as against such purchaser, setting up the fact that said note was without consideration, and its execution was procured by fraud and misrepresentation.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This was an action brought by the appellee, J. P. Gibson, against the appellant, J. C. Tapscott. The complaint, as originally filed, contained only one count in which the plaintiff claimed of the defendant the sum of $150, with interest thereon from January 1, 1894, alleged to be due "by virtue of a certain note executed by the defendant to one W. R. Teague, in the year 1893, and due on the first day of January, 1894, for the sum of one hundred and fifty dollars. Plaintiff avers that the said W. R. Teague transferred the said note to one E. H. Sharpley and that the said E. H. Sharpley transferred the said note to this plaintiff, and that plaintiff is now the owner of said note, and that it is due and unpaid. Plaintiff avers that in and by the provisions of said note the defendant waived his right to claim any property exempt from levy and sale under legal process, and that in and by the provisions of said note the defendant agreed to pay a reasonable attorney's fee provided the said note was not paid at maturity, and the plaintiff says that twenty-five dollars is a reasonable attorney's fee. Plaintiff says that the said note has not been paid at maturity. Plaintiff says that the said note has been stolen from him in the State of Texas, and that it has not been paid to him." This complaint was verified by the certificate of the clerk of the circuit court reciting that J. P. Gibson, the plaintiff in said cause, being sworn to speak the truth, deposed and said that the allegations of the foregoing complaint are true. This certificate of verification was signed by the clerk of the court in his official capacity. To this complaint, the

defendant demurred upon the following grounds: "1st. There is no affidavit of the plaintiff accompanying the complaint of the loss or destruction of the note sued upon, and that the same has not been paid or otherwise discharged. 2. The writing purporting to be an affidavit annexed to the complaint is not a compliance with the statute, and is insufficient to supply said note. 3. The writing purporting to be an affidavit and attached to the complaint is not signed by the alleged affiant. 4. It is not averred in the complaint that the note sued on was transferred to E. H. Sharpley for maturity. 5. It is not averred in said complaint that said not was transferred to the plaintiff before maturity." This demurrer was overruled. Thereupon the defendant filed his sworn plea averring that the note described in the complaint and upon which the action was founded was not executed by him or by any one authorized to bind him. The defendant also interposed special pleas, in which he set up that he was only the surety of one F. F. Tapscott on the note sued on; that his signature to the note was acquired by the fraud of one Teague, who was the original payee of the note, in that said note was given in payment of the purchase by F .F. Tapscott of the right to sell a patent bed spring and brace in Lauderdale and Colbert counties; said Teague, the seller of said patent, representing that he was the owner thereof, and that the right to sell to F. F. Tapscott was a valuable right; that relying upon this representation, F. F. Tapscott executed the note to said W. R. Teague and the defendant signed the same as surety. It was then averred in said special plea that the patent right was not owned by said Teague, nor was the same valuable or saleable. The defendant also filed a special plea, in which he set up the fact that he was a surety on the said note, and that he had notified the plaintiff and his transferror, one E. H. Sharpley, that he was such surety, and requested them to bring suit against F. F. Tapscott inasmuch as said F. F. Tapscott was about to move from the State; that notwithstanding this notice or request that neither the said Sharpley, who was at that time the holder of said note, nor the present plaintiff, brought action against F. F. Tapscott. After

the filing of these pleas, the plaintiff offered to amend
the complaint by adding thereto a second count in words
and figures as follows: "2d count. The plaintiff claims
of the defendant the sum of one hundred and fifty ($150)
dollars due by note executed to W. R. Teague by the de-
fendant and one F. F. Tapscott, on the 18th day of Feb-
ruary, 1893, and due and payable twelve months after
date, which note was by said W. R. Teague for value,
and before maturity transferred to E. H. Sharpley, and
by him for value transferred and assigned to the plain-
tiff. The plaintiff avers that in and by said note the
defendant waived his right to claim any property exempt
from levy and sale under legal process, so far as the
collection of said amount is concerned." The defend-
ant objected to the amendment of the complaint and
moved to strike the second count from the file, upon the
ground that said count introduced an entirely new
cause of action and was an entire departure from the
cause of action as contained in the original complaint.
This motion was overruled. To the complaint as
amended, the defendants filed the same pleas as were
introduced to the original complaint, including the
sworn plea of *non est factum*. The plaintiff then filed
the following replications: "1. Each of said pleas is
untrue. 2. Prior to the purchase of said note by E. H.
Sharpley defendant informed said Sharpley that said
note was all right, upon which assurance said Sharpley
relied, and parted with value for said note. 3. Prior to
plaintiff's acquisition of said note defendant assured
him that the same was a valid and binding obligation
and would be paid, upon which assurance plaintiff parted
with value to acquire. 4. Prior to plaintiff's acquisi-
tion of said note defendant came to him and begged him
to purchase the same from said E. H. Sharpley, which
plaintiff, at defendant's request, did and parted with
value therefor, being wholly ignorant at the time of any
infirmity connected with said note or with any conside-
ration therefor. 5. Defendant operated extensively
under the patent right for said new spring, and made
several sales himself of territory and rights thereunder,
and derived great pecuniary benefits therefrom which

he has not offered to pay or surrender to said Teague."
Upon issue joined upon these pleadings, the cause was
tried.

J. P. Gibson, the plaintiff, as a witness in his own
behalf, testified that he was the owner of a promissory
note made by F. F. Tapscott to the defendant, J. P.
Tapscott, for the sum of $150, which was due some time
in Januray, 1893, and payable to W. R. Teague, and
due January 1, 1894; but that he was not sure as to the
date of said note. The defendant objected to this ev-
idence in reference to the note, and moved to exclude
the same upon the ground that the note itself was the
best evidence. Thereupon the plaintiff's attorney stated
that the note had been lost. The court overruled the
objection and motion of the denfendant, and to this rul-
ing the defendant duly excepted. Upon the plaintiff,
as a witness, testifying that he lost the note or it was
stolen from him in Texas, he was asked to describe the
contents of said note. The defendant objected to this
question on the ground that it was not an action on a
lost note. The court overruled this objection, permitted
the witness to describe the contents of the note, and
to this ruling the defendant duly excepted. The witness
testified that the note was for $150 and was due Janu-
ary, 1894, and contained a waiver of exemptions and
provided for the payment of a reasonable attorney's
fee; that at the request of the defendant in this case
he purchased the note from E. H. Sharpley, to whom it
had been transferred by W. B. Teague, the original
payee; that the defendant told him before he purchased
the note that E. H. Sharpley was the owner of said
note, and was pressing him for payment, and requested
the plaintiff to purchase the note, and the defendant
promised to pay the same at an early date, stating that
the note was all right. On cross-examination the plain-
tiff, as a witness, described the indorsements on said
note as being first from W. R. Teague without recourse,
to E. H. Sharpley, and from E. H. Sharpley to the plain-
tiff without recourse, and further testified that the
name W. B. Simmons was signed as a witness to said
note. Thereupon the defendant objected to all of the
testimony of said witness describing the contents of

[Tapscott .v. Gibson.]

said note and moved to exclude the same from the jury upon the ground that the execution of the said note had not been proven by the subscribing witness. The court overruled the objection, and the defendant duly excepted. The plaintiff further testified that the note so transferred to him by Sharpley was a common waive note and was not a bond and did not recite at the bottom thereof "Witness my hand and seal"; that said note was not payable at a bank or any particular place, and further that the witness did not know whether the name of J. C. Tapscott or F. F. Tapscott appeared first at the bottom of the note.

E. H. Sharpley, a witness for the plaintiff, testified that he purchased from. W. R. Tapscott a note which was executed by F. F. Tapscott to the defendant; that before purchasing said note he talked with the defendant over the telephone and asked if he had given a note to Teague for $150, and upon the defendant telling him that he had and that the note was all right and would be paid, he bought said note from Teague; that for such note he paid Teague $55 in cash and a horse worth $95; that the money so paid and the horse so traded were delivered to W. B. Simmons, as the agent of said Teague. This witness further testified that the note so purchased by him was for $150 and was a common waive note and given for a patent right. The defendant objected to all of the testimony of the witness Sharpley and of the witness Gibson describing and giving the contents of the note, and moved to exclude the same from the jury upon the ground that the execution of said note had not been properly proven and because it was not shown that the name of F. F. Tapscott and J. C. Tapscott signed to said note were in their respective handwriting. The court overruled the objections and motions, and to this ruling the defendant duly excepted. On cross-examination the witness testified that the note was not under seal, but he did not remember whether it provided for attorney's fee or not. This witness further testified that while he held the note he asked the defendant for payment thereof two or three times, but the defendant always replied that he was not able to pay it at that time, but

he would pay it at some time later, stating that he owed it and that it was a just debt.

W. B. Simmons, as a witness for the plaintiff, testified that he witnessed a note given by F. F. Tapscott and J. C. Tapscott to W. R. Teague, and that he signed said note as an attesting witness. On cross-examination the witness Simmons testified that the note contained a waiver, but did not provide for the payment of attorney's fees, and that it was under seal. Thereupon the plaintiff asked leave of the court to amend his complaint by adding a third count thereto in words and figures as follows: "For a third count of the complaint plaintiff files the following count: Plaintiff claims of the defendant the sum of one hundred and fifty dollars due by one bond in writing and under seal, made by the defendant and one F. F. Tapscott to one W. R. Teague on the 18th day of February, 1893, and due and payable 12 months after date, and plaintiff avers that in said bond and as a part thereof the defendant waived all his right to claim any personal property as exempt from levy and sale under legal process. Plaintiff avers that said bond was transferred by said W. R. Teague to one E. H. Sharpley, and by him was transferred for value to the plaintiff, and said bond is now the property of plaintiff." The defendant objected to the filing of said amendment or third count to the complaint upon the ground that it was an entire departure from the original cause of action, and introduced a new cause of action in the case. The court overruled this objection, permitted the plaintiff to file said amendment, and to this ruling of the court the defendant excepted. The defendant then moved the court to strike from the file the third count of said complaint upon the same grounds, and duly excepted to the court's overruling his motion. The defendant then moved the court to exclude from the jury all of the testimony of the witnesses J. P. Gibson and E. H. Sharpley describing or giving the contents of the note transferred by Teague to Sharpley, and from Sharpley to Gibson, because said testimony was at variance with said amendment or third count. The court overruled this motion, and the defendant duly excepted.

The defendant introduced W. B. Simmons as a witness in his behalf, and he testified that the bonds given by F. F. Tapscott and J. C. Tapscott to W. R. Teague, which he attested as a witness, was given in consideration of the purchase of the right to sell a patent bed spring and brace in a given territory; that this right was sold to F. F. Tapscott; that this note was transferred by W. R. Teague to E. H. Sharpley. Upon the cross-examination of said witness by the plaintiff he testified that Sharpley sent $55 and a horse to Teague by the witness; that this may have been done at the request of Teague, who was boarding at the witness' house at the time. The witness then stated "that he did not know what the $55 and the horse were for, but he supposed it was for said note or bond. The defendant objected to that part of the witness' testimony which is quoted above, because it was incompetent and illegal and moved to exclude the same. The court overruled the objection and motion, and the defendant duly excepted.

The defendant J. C. Tapscott, as a witness in his own behalf, testified that on February 18, 1893, he signed a note or bond as surety for F. F. Tapscott to W. R. Teague for $150 due and payable 12 months after date; that said note or bond contained a waiver of exemptions, but did not provide for the payment of reasonable attorney's fees that the signatures of the makers of said paper were under seal and that said bond was given for the purchase by F. F. Tapscott of the right to sell in Colbert and Lauderdale counties a patent bed spring and brace which W. R. Teague claimed to own or be the agent for. Said bond was given upon the representation that said purchase of the patent right was made and said bond given upon the representation of said Teague of the value of the patent; that as a matter of fact the patent was worthless, was not salable, and was of no benefit to F. F. Tapscott. This witness then denied having requested the plaintiff to purchase the bond from Sharpley and also denied telling Sharpley over the telephone that he had executed the bond, and that it was all right, and further

denied in his testimony that he had promised to pay said note; but he testified that he had notified and requested both Sharpley and the plaintiff that he was only a surety on the said note and requested them to bring action thereon against F. F. Tapscott, who was the principal maker.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave to the jury the following written charges:   (1.)   "If you believe from the evidence that the defendant Tapscott induced the plaintiff to buy or purchase the note or bond described by the defendant in his testimony, then your verdict must be for the plaintiff, notwithstanding the note may have been without consideration, notwithstanding the note may have been procured by fraud and misrepresentations, and notwithstanding the fact that there may have been irregularities in the transfer of the note from Teague to Sharpley."   (2.)   "If you believe from the evidence that the defendant induced the plaintiff to buy or purchase the note or bond described in the evidence of defendant Tapscott, then you must find your verdict for the plaintiff, even though the evidence should show that the article sold by Teague to F. F. Tapscott was not in fact patented."   (3.)   "If the jury believe that the defendant J. C. Tapscott requested or induced the plaintiff to buy or purchase the note or bond described by the defendant in his testimony, your verdict must be for the plaintiff, provided you further find that plaintiff did buy the note or bond for value."   ( 4.)   "Gentlemen of the jury, I charge you that if you find that the defendant Tapscott induced Sharpley to buy the note or bond described in the testimony of the defendant Tapscott, and he, plaintiff, parted with value for the note or bond, then your verdict must be for the plaintiff."   (5.)   "If the jury believe that the defendant procured or induced the plaintiff to buy the note or bond described by defendant Tapscott in his testimony, and you further find that the plaintiff parted with value for the said note or bond, then the defendant is stopped [estopped] from setting up any kind or character of defense to this action which may have existed at the

time the plaintiff purchased the note, and your verdict must be for the plaintiff."

The defendant separately excepted to the giving of each of these charges, and also duly excepted to the court's refusal to give the following charge requested by him: (1.) "There is no evidence in this case that the bond executed by defendant and F. F. Tapscott was the same instrument transferred by Teague to Sharpley."

There were verdict and judgment for the plaintiff. Thereafter the defendant moved the court for a new trial upon the following grounds: "1. The court erred in overruling the motion to strike from the file the second and third amended counts of the complaint. 2. The court erred in permitting the plaintiff in the progress of the trial of the cause to amend his complaint by adding a third count thereto. 3. The court erred in overruling the motion of the defendant to strike from the file the said amended or third count to the complaint filed during the progress of the trial. 4. The verdict of the jury was contrary to the evidence in the case." This motion was overruled, and the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

W. R. Francis and C. L. Price, for appellant.—The court erred in permitting the complaint to be amended by the addition of the second and third counts.—*Leatherwood v. Suggs,* 96 Ala. 383; *Mobile Ins. Co. v. Randall,* 74 Ala. 176; *Harris v. Hillman,* 26 Ala. 380.

The charges requested by the plaintiff were erroneous and should have been refused.—*Boyd v. Jones,* 96 Ala. 305; *Ramsey v. State,* 91 Ala. 29; *White v. Craft,* 91 Ala. 144; *Thompson v. Duncan,* 76 Ala 334; *Light Co. v. Elder,* 115 Ala. 138.

Arthur L. Brown, *contra.*—The plaintiff has the right to sue and recover on the lost note or bond without first making affidavit setting up the loss and the fact that the note had not been paid; the purpose of the affidavit being merely to shift the burden of

proof.—*Br. Bank v. Tillman*, 12 Ala. 214; *Bank of Mobile v. Williams*, 13 Ala. 544; *Bank of Mobile v. Meagher*, 33 Ala. 622.

Under the Code, the court had the discretion to allow an amendment to the complaint by the addition of other counts at any time before the jury retired to make up their verdict, so long as it did not introduce an entirely new cause of action, or was not an entire departure from the original complaint.—*Prater v. Miller*, 25 Ala. 320; *Burch v. Taylor & Co.*, 32 Ala. 26; *Crimes' Admrs. v. Crawford*, 29 Ala. 623; *Long v. Patterson*, 51 Ala. 414.

The amendments adding the second and third counts to the complaint did not introduce a new cause of action, nor were they a departure from the original cause of action.—*Reed v. Scott*, 30 Ala. 640; *Taylor, Executrix, v. Perry*, 48 Ala. 240; *Robinson v. Darden*, 50 Ala. 71; *Long v. Patterson*, 51 Ala. 414. The various counts sought to describe the debt or contract declared upon, and the plaintiff had the right to amend any time during the progress of the trial so as to meet the evidence as to the description of the instrument sued upon.—*Steed v. McIntyre*, 68 Ala. 407; *Mohr v. Lemle*, 69 Ala. 180; *Foster v. Napier*, 73 Ala. 595; *Oden v. Bonner*, 93 Ala. 393; *Springfield F. & M. Co. v. DeJarnett*, 111 Ala. 248.

SHARPE, J.—Actions may be brought on lost bonds or notes such as are described in this complaint without the affidavit of loss or destruction prescribed by section 31 of the Code. A plaintiff may avail himself of the affidavit as evidence in case it accompanies the complaint and is not denied by a verified plea, but being evidential merely no reference need be made to it in the pleading, and defects in the affidavit are not ground of objection to the complaint.—*Glassell v. Mason*, 32 Ala. 719; *Bell v. Moore*, 9 Ala. 824.

The 2d and 3d counts were properly allowed to be added as amendments to the complaint. There was nothing to show that the plaintiff held or claimed to hold more than one note or bond against defendant,

33

[Tapscott v. Gibson.]

and that, the evidence tended to show, had been stolen
from him in Texas. As to the contents of that instru-
ment the witnesses did not fully agree and the added
counts each purported to describe a writing corres-
ponding to some phase of the testimony. Under such
conditions it was right to assume the amendments re-
lated to the same cause of action declared on in the
first count. Plaintiff had the legal right to amend
his complaint during the progress of the trial so as
to prevent a variance between the complaint and any
part of the evidence in matters merely descriptive of
the original cause of action.—Code, § 3331; *Burkham
v. Mastin*, 54 Ala. 122; *Dowling v. Blackman*, 70 Ala.
303; *Long v. Patterson*, 51 Ala. 414.

Exceptions reserved to the admission of testimony
on the ground that it had relation to writings not shown
to have been executed were not well taken. A witness
testified that he attested the execution of a writing and
his description of that writing corresponded in part
though not entirely with that given by other witnesses
of the instrument referred to in the challenged testi-
mony. This partial correspondence together with the
evidence of the consideration and other circumstances
attending the whole transaction was sufficient to au-
thorize the court and jury to infer the identity of the
instrument proved by the subscribing witness with that
spoken of by each witness.

A witness in testifying to the passing of money and
a horse from the first transferee to the payee of the
note or bond said "he supposed it was for said note or
bond." This was not evidence but its admission was
rendered harmless to the defendant by a charge given
at his instance instructing the jury that it was not ev-
idence of the fact to which it was directed, which charge
was equivalent to excluding the incompetent testimony.
*Foxworth v. Brown*, 120 Ala. 59.

The charges given at plaintiff's request properly ap-
plied to the evidence a familiar principle in the law of
estoppel. If charges 3 and 4 were faulty in omitting
to hypothesize the jury's belief upon the evidence, the
fault was only in a tendency to mislead which the de-

fendant might have had corrected by an explanatory charge

The charge refused to defendant was not warranted by the evidence.

There was no error in refusing the motion for a new trial.

Judgment affirmed.