JOHN GRANT V. THE STATE.

No. 10022.   Delivered April 21, 1926.

Rehearing denied October 27, 1926.

1.—Assault to Rape—Evidence—Held, Sufficient.

Where, on a trial for an assault with intent to rape, a female under the age of consent, the evidence establishes that an assault was made on a girl under the age of consent, and that at the time of said assault that the

appellant had a present existing purpose to have intercourse with the prosecutrix with her consent, same is sufficient to support the conviction. Distinguishing Cromeans v. State, 59 Tex. Crim. Rep. 672, and Huebsch v. State, 94 Tex. Crim. Rep. 466.

### 2.—Same—Charge of Court—No Error Shown.

Where complaint is made of the language used in a paragraph in the court's charge in defining an assault to rape on a female under the age of consent, and such paragraph, on examination, does not appear to be misleading, nor calculated to confuse the jury, under Art. 666, C. C. P. 1925, no reversible error is presented.

### 3.—Same—Charge of Court—On Assault to Rape—Approved Charge.

The court's charge on assault to rape as is set out in the case of Cromeans v. State, 59 Tex. Crim. Rep. 672, was followed in the case before us. That charge has been approved by this court, and we find no error in its application to the facts in this case. See also Collins v. State, 148 S. W. 1069.

#### ON REHEARING.

### 4.—Same—Motion for Rehearing—Practice on Appeal.

A motion for rehearing in this court, by the appellant, after an affirmance, which merely points out that we were in error in not sustaining certain assignments, referring to them by number, and to certain pages of the original brief, is not sufficient. Such motion should, with sufficient particularity, point out the ground upon which the request for rehearing is predicated. See Jordan v. State, 64 Tex. Crim. Rep. 187, and Cooper v. State, 265 S. W. 894.

### 5.—Same—Evidence—Held, Sufficient.

On rehearing, appellant urges that the evidence of the prosecutrix is so unnatural and inexcusable that this court should hold it to be insufficient. Upon a careful re-examination of the record we cannot agree with his contention. The evidence adduced was for the jury to pass upon, and this court will not disturb their findings, where there is evidence to support them, and the motion for rehearing is overruled.

Appeal from the District Court of Hill County. Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction for an assault to rape, penalty two years in the penitentiary.

The opinion states the case.

*Collins, Dupree & Crenshaw* of Hillsboro, for appellant. On charge of court, on assault to rape, appellant cites:

Huebsch v. State, 251 S. W. 1080.

Price v. State, 236 S. W. 722.

Schroeder v. State, 241 S. W. 169.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is assault with intent to commit rape, and the punishment is two years in the penitentiary.

Prosecutrix testified that she was under 18 years of age and that she was a second cousin to the appellant. That on or about the 15th of July, appellant came by her house and she heard a conversation between him and her mother in which appellant told her mother he was going to Dallas and thought maybe she would want to go with him and asked her if she wanted to go. Her mother told appellant that she couldn't go, then appellant asked if witness could go with him. To this witness' mother assented. On leaving their home they, instead of going to Dallas, first went to Fort Worth; there appellant bought prosecutrix a hat; they then went to a restaurant and ate dinner and after dinner they went to Lake Worth where the defendant tried to get prosecutrix to go in bathing, but this she declined to do. They stayed at Lake Worth about an hour and went back to Fort Worth and went to a picture show. Prosecutrix testified that when they came out of the picture show appellant said he thought he would stay in Fort Worth at a hotel that night, but had decided it was so hot they would go back home instead. They then started home; just before they got to Grandview appellant told prosecutrix that they would go on out to his house and stay that night because if they went by the home of the prosecutrix her mother wouldn't let her go on to Dallas with him. That they didn't go through the main part of Itasca in going to appellant's house; that on the way to appellant's house he stopped and got some ice and when they got to his house they ate supper, she washed some clothes and they made preparations to go to bed. That a mattress was put down on the floor and on this mattress prosecutrix went to bed while appellant lay down on another bed on the gallery. She testified that after she had laid down appellant lay down on the bed with her and when she was nearly asleep he waked her up by having his leg over her hip and his arm over her shoulder; that she told him to get over and leave her alone, and that he did that. That when she went to sleep again he got back on the bed with her and when she waked again the defendant had his arm over her shoulder and had one leg between her legs and one leg on top of her; that she told appellant to get over, that she was crying and that she put her hands on him and pushed him back away and that one time when he was on the bed with her he had his hand on her privates and that

when she told him to get back and pushed him, he got back and got up and said he was going to get a drink of water and he went back to the head of the bed and looked under a pillow and got a rubber. Witness testified that she had seen one of these articles before down at Mrs. Burk's where some of the boarders had left it. She testified that appellant put this on his thumb and came back to the bed where she was lying down and exhibited it to her and while he was down there with her he exhibited his privates to her. Her testimony was to the further effect that she cried but later went to sleep and did not wake any more until the next morning; and that next morning she and appellant went to Dallas after appellant's wife and children.

Appellant contends that this testimony is not sufficient to show an assaut with intent to rape, and cites the case of Cromeans v. State, 59 Tex. Crim. Rep. 672, as authority for his contention. We have again carefully examined this case and the other cases bearing on this question, and while in cases of this character the matter is never absolutely free from doubt, yet we are persuaded that the testimony in the instant case is sufficient to show, first, that an assault was made on a girl under the age of consent, and second, that at the time said assault was made, the evidence is sufficient to show that the appellant had a present existing purpose to have intercourse with the prosecutrix with her consent at the time. It is true that in the Cromeans case, supra, and in the case of Huebsch v. State, 94 Tex. Crim. Rep. 466, it is held that it is not an offense to place one's hand upon the child and it is further held that it is not an assault with intent to rape if the design be merely to obtain her consent, but it must not be overlooked that in those cases it is also held in effect that where the evidence manifests a present intention and purpose on the part of the appellant to realize the fruit of consent that this connected with an assault does constitute an assault with intent to rape on a female under the age of consent. We think the facts in the instant case clearly distinguish it from those reported in the Cromeans case and the Huebsch case, supra. In fact, in the instant case we find nothing disclosed by this record that in any manner causes us to doubt that it was the purpose existing in the mind of the appellant at the very time that he made the assaults testified to by prosecutrix to have intercourse with her with her consent. We cannot agree to appellant's contention that the evidence is insufficient to support the verdict.

Appellant, in his brief and oral argument, seriously complains at the paragraph of the charge wherein the court was giving appellant the benefit of reasonable doubt between assault with intent to rape and aggravated assault.

The appellant objected to this charge upon the ground that it was an undue repetition of and emphasis upon the question of the defendant's guilt of the offense of assault with intent to rape, and to that portion of the charge which tells the jury that the offense of assault with intent to rape is constituted by the defendant's attempting to have carnal knowledge of the said Maydell Stephenson by then and there penetrating her female organ with his male organ is an incorrect statement of what constitutes assault with intent to rape and is contradictory of the preceding paragraphs of the court's charge, and is calculated and likely to confuse and mislead the jury and cause them to believe that a mere attempt to have carnal knowledge of Maydell Stephenson constitutes the offense of assault with intent to rape.

We confess to some difficulty in seeing the exact question which appellant sought to present by these objections. If we understand him, however, it is that the court in this paragraph of his charge used language as being synonymous with the term assault with intent to rape which in fact did not define that offense, but which in fact defined what was formerly known as the offense of assault and attempt to commit rape. We are satisfied that this charge, if it be subject to the objections urged, did not confuse or mislead the jury and, so believing, we would not be authorized to reverse this case on account of said charge. Art. 743 (O. C.), 666, 1925 Revision, C. C. P.

There are various other complaints contained in this record with reference to the charge of the court. We have carefully examined this charge and believe that it pertinently and properly submitted the issues in the case. In fact, we think that the court followed the rules laid down in the Cromeans case, supra, in preparing his charge in the instant case. See also Collins v. State, 148 S. W. 1069.

Believing that the appellant has been accorded a fair trial and that the evidence is sufficient to support the verdict, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The motion for rehearing in the main is too general to demand attention of the court. It asserts that we were in error in not sustaining certain assignments, referring to them by number, and to certain pages of the original brief for statements and authorities under such assignments. It is thought this does not with sufficient particularity point out the ground upon which request for rehearing is predicated, but is in effect a request to again review every question originally presented. Jordan v. State, 64 Tex. Cr. R. 187, 141 S. W. 792; Cooper v. State, Tex. Cr. R. 265, S. W. 894.

Appellant asks us to again review the facts, insisting that the evidence of prosecutrix is so unnatural and unreasonable that this court should hold it to be insufficient. With this contention in mind we have carefully re-examined the evidence and find ourselves unable to agree with appellant's view of it. There is not a suggestion that an unfriendly feeling existed in prosecutrix's mind towards appellant (in fact, it is affirmatively to the contrary), or that any motive other than to speak the truth prompted her to tell the story she relates. We would not be warranted in holding that the jury abused its rights in accepting her evidence as true. It does not appear so unreasonable as to authorize this court to disturb the verdict.

The motion for rehearing is overruled.

*Overruled.*