OTIS H. GIBSON v. THE STATE.

No. 19459. Delivered October 19, 1938.
Rehearing denied November 23, 1938.

The opinion states the case.

*Joe W. Strode,* of Conroe, *Gordon Burns,* of Huntsville, and *Mayfield, Grisham & Grisham,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for conspiracy to use a forged tender; punishment is imprisonment in the State Penitentiary for a term of five years.

The indictment in this case contained four counts. The first count charged that the appellant, M. D. Carter, and several others whose names we need not state, conspired to commit a forgery. The fourth count charged them with having conspired to use a forged tender, purporting to be the act of the Railroad Commission of Texas. Upon the call of the case, a severance was granted and appellant was put on trial alone. The case was submitted to the jury upon the first and fourth counts. Appellant was found guilty under the fourth count and his punishment was assessed as above indicated.

This is a companion case to that of Carter v. State, reported in Vol. 116 S. W. (2d) 371 [page 457 of this volume]. The record evidence introduced upon this trial, as well as the oral testimony offered by the State, is in all material respects similar to that offered by the State in the above mentioned case. Many, indeed most of the questions presented by this record were before this Court in that case and were decided adversely to his contentions. Consequently we deem it unnecessary to again touch thereon.

Appellant, in this case as in the Carter case, strenuously insists that the court erred in declining to sustain his motion to quash the indictment. Since this indictment is identical with that of the Carter case, and for the reasons there assigned, we overrule his contention.

He next complains of the court's action in declining to sustain his motion to quash the jury panel and in refusing to order attachments to issue for absent jurors and have them brought into court. It appears from the court's order overruling the motion that he made diligent inquiry concerning the cause for the absence of some of the jurors. His inquiry revealed that two were dead; that some had moved out of the county and that others could not be located by the officers. Under these circumstances, no reversible error is shown.

By five separate bills of exceptions, appellant complains of certain remarks made by the district attorney in his closing argument. We have examined these bills with much care and reached the conclusion that some of the remarks complained of were reasonable deductions from the testimony. Others seem to have been in reply to argument of appellant's counsel and still others seem to have been withdrawn by the court. Before

this Court would be justified in reversing a cause on the grounds of improper argument, it must not only be made to appear that the remarks were improper, but also that they were of a material character and calculated to injuriously affect the appellant's rights. See Section 363, Branch's Ann. P. C., and authorities there cited. None of the arguments complained of come within this rule.

By bill of exception number 107, appellant complains because the trial court declined to sustain his motion to dismiss the jury and declare a mistrial, based on the contention that the jury was permitted to separate. The court, in his qualification to said bill, states that during a few minutes recess, eleven of the jurors left the jury box accompanied by the sheriff and went just outside the courtroom to a water fountain; one of the jurors remained in the jury box in the presence of the court. No one approached this juror or conversed with him and no one approached or conversed with any of the other jurors. They were at all times in charge of the sheriff. The drinking fountain was only about seventy feet from the jury box and only a very short interval of time elapsed between the time they left the jury box until they returned. We are of the opinion that under the circumstances stated by the trial court in his qualification, and which was accepted by appellant, there was no illegal separation of the jury. See Taylor v. State, 38 Texas Crim. Rep. 552 (570) ; Cernoch v. State, 128 Texas Crim. Rep. 327, 81 S. W. (2d) 520, and authorities cited.

By bill of exception number 61, appellant complains of the introduction in evidence of a duplicate original ED report, made by Mr. Trotter who identified it as having been compiled by him. He testified that it was an exact carbon copy of the original ED report which he forwarded to P. O. Box 698, Austin, Texas. This was the box rented by M. D. Carter, one of the alleged coconspirators. Mr. Trotter testified that this carbon copy was a duplicate original and that he made it with a typewriter at the same time that the original was made. The court qualified the bill and in his qualification states that the proof showed that the original was lost or destroyed. The bill, as thus qualified, fails to reflect reversible error.

By bills of exceptions numbers 62, 63, and 64, appellant complains of the introduction in evidence of a photostatic copy of an ED report for the reason that it was not the best evidence and that the original thereof had not been accounted for. The court states in his qualification to said bills that the original and carbon copies had been lost or destroyed. Proof of loss of

a document or written instrument and the accounting for its nonproduction, in order to admit the introduction of secondary evidence, is addressed to the sound discretion of the trial court to be governed by the circumstances of the case. When the court has heard the evidence pertaining thereto and has decided that the loss or destruction thereof is sufficiently proved to admit secondary evidence, this Court will not ordinarily reverse a case unless it is clearly made to appear from the record that he abused his discretion to the prejudice of the appellant. In this case the bill of exception fails to show that the preliminary proof for the admission of the photostatic copies was insufficient to justify the court's conclusion that the proper predicate had been laid for its introduction. In the absence of such a showing, the presumption prevails that the court's ruling was correct and justified under the proof. See Spadachene v. State, decided June 22, 1938, but not yet reported*; Davis v. State, 54 Texas Crim. Rep. 236; Glassel v. Mason, 32 Ala. 719; Witter v. Latham, 12 Conn. 392. Moreover, if the testimony complained of was erroneously admitted, it is not deemed to be of such a material nature as would require a reversal of the cause. It must be borne in mind that appellant and his alleged coconspirators were charged with a conspiracy to knowingly use a forged tender, purporting to be an act of the Railroad Commission of Texas. The ED reports are made by the transportation companies showing the amount of crude oil in storage and pipe lines at the beginning and ·end of each month and were not permits or purported permits. EB reports are reports made by the producing companies each month showing the amount of oil produced during the month. These reports were only offered in evidence to show a motive for entering into the alleged conspiracy to use a forged tender of the Railroad Commission in order to permit the sale and transportation of crude oil in excess of that allowed by the Railroad Commission.

All other matters complained of pertaining to the introduction of evidence have been carefully examined and considered by the Court, but none, in our opinion, reveal an error which would require a reversal of the cause.

A number of objections have been urged to the court's charge. We have examined the charge in the light of the objections thereto and reached the conclusion that the charge is a clear and concise statement of the law and a fair application thereof to the facts.

---

*Pending on motion for rehearing.

A most painstaking review of the voluminous record in the case has failed to reveal any reversible error and the evidence being sufficient to sustain the conviction, the judgment of the trial court will be affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Contained in the transcript are 107 bills of exception covering 1,249 typewritten pages. Each of said bills was examined before the original opinion herein was released, and those discussed which appeared to demand it.

Appellant now files a motion for rehearing, the first few paragraphs of which we quote.

"Comes now the appellant in the above styled and numbered cause and moves the Court for a rehearing herein for the following reasons, to-wit:

"The Court erred in overruling and not sustaining, and/or in not passing upon and sustaining appellant's assignments of error, numbered from 1 to 107 consecutively, and to which assignments reference is here made seriatim. Reference is also made to the opinion of the Court with reference to same.

"Should the above assignment by reason of its generality not be considered as sufficient to require a review of the said assignments one by one from assignment No. 1 to assignment No. 107, or from Bill of Exception 1 to Bill of Exception 107, then appellant says:

"1. The Court erred in overruling and in not sustaining appellant's first assignment as reflected by his first Bill of Exception here referred to and made a part hereof."

Then follows under headings 2 to 107 inclusive the exact language found in heading 1 as quoted; the only change being the number of the bill of exception to which it relates.

The statement found in the opinion on rehearing in Grant v. State, 105 Texas Crim. Rep. 193, 287 S. W. 254, is applicable here. "The motion for rehearing in the main is too general to demand attention of the Court. It asserts that we were in error in not sustaining certain assignments, referring to them by number, and to certain pages of the original brief for statements and authorities under such assignments. It is thought this does not with sufficient particularity point out the ground

upon which request for rehearing is predicated, but is in effect a request to again review every question originally presented. Jordan v. State, 64 Texas Crim. Rep. 187, 141 S. W. 792; Cooper v. State, 98 Texas Crim. Rep. 446, 265 S. W. 894."

The only specific complaint found in the motion is because of the citation of the opinion in the companion case of Carter v. State [page 457 of this volume], 116 S. W. (2d) 371, as having disposed of many of the questions brought forward in the present record, it being asserted in the present motion in general terms that the Carter case was erroneously decided. We do not care to reopen the Carter case nor to again discuss at length the points therein decided, especially so in view of the fact that the Supreme Court of the United States declined to review the Carter case.

The motion for rehearing is overruled.