# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00123-CR

**John Franklin Neill, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
NO. 554109, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING**

John Franklin Neill appeals from his misdemeanor conviction for driving while intoxicated. Tex. Pen. Code Ann. ' 49.04 (West Supp. 2002). After the jury found appellant guilty, the trial court assessed punishment at 120 days= confinement and a $2000 fine, probated to community supervision for two years. In two points of error, appellant contends that the trial court erred in overruling his motion for new trial and in overruling his motion to suppress. We will affirm the trial court judgment.

## Factual and Procedural Background

In February 2000, shortly before midnight, Sherrie Penberthy was in her automobile waiting in the drive-through lane of a fast food restaurant. She had just placed her order when a large white Ford Excursion pulled in behind her. Appellant, the driver, began shouting at her and revving his vehicle=s engine. Penberthy became alarmed and called for police assistance from her cell phone. Appellant then rammed the rear bumper of Penberthy=s car with his Excursion.

Officer Mario Gutierrez arrived within a few minutes in response to Penberthy=s call. Appellant initially denied that a collision had occurred. He then claimed that Penberthy had caused the collision by backing her car into his vehicle. Gutierrez characterized appellant=s attitude as angry and Asmart-aleck.@ Gutierrez smelled a strong odor of alcohol on appellant and noticed he had red eyes and slurred speech. Gutierrez told appellant to wait in the parking lot and called for a DWI task force officer.

Officer James Boujemaa arrived and first interviewed Penberthy, who repeated her account of the collision. Boujemaa spoke to appellant, who claimed to have had only two beers that night. Boujemaa observed appellant=s bloodshot, watery eyes, heard his slurred speech, and detected a strong odor of alcohol on appellant=s breath. Boujemaa then administered three field sobriety tests, all of which appellant failed. Boujemaa arrested appellant and transported him to the police station. An inventory search of appellant=s vehicle revealed a three-quarter-full bottle of whiskey within his immediate reach.

**Discussion**

*Motion for New Trial*

Appellant=s first point of error contends that the trial court erred in overruling his motion for new trial, which asserted that the jury unlawfully separated during deliberations. Tex. Code Crim. Proc. Ann. art. 35.23 (West Supp. 2002). In his affidavit in support of motion for new trial, appellant testified that he was in the courtroom and saw two jurors return to the courtroom and view a videotape. The trial court held an evidentiary hearing on the motion. At a hearing on a motion for new trial, the judge is the trier of fact, and the court=s findings will not be disturbed absent an abuse of discretion. *See Salazar v. State*,

38 S.W.2d 141, 148 (Tex. Crim. App. 2001); *Scaggs v. State*, 18 S.W.3d 277, 286 (Tex. App.C Austin 2000, pet. ref=d).

One juror testified that after the court=s charge was read and during deliberations on guilt/innocence, he and the foreperson went into the courtroom and reviewed State=s Exhibit Number One, the videotape made of appellant at the police station. The juror testified that appellant, his counsel, and others were in the courtroom. The bailiff, however, testified that the jurors did not leave the jury room. There is no contention that any juror had any improper contact with any person. Only the one juror and the bailiff testified at the hearing on the motion for new trial.

The State first argues that no Aseparation@ occurred. The State notes that, even if the juror and foreperson had returned to the courtroom, the remainder of the jurors were still within earshot about thirty feet away and the tape was brief. That some jurors are a short distance away from the rest of the jury does not constitute an unlawful separation if they do not converse with any third person about the case. *See Patterson v. State*, 293 S.W. 570, 570-71 (Tex. Crim. App. 1927) (some jurors in drug store, some on sidewalk, all within view of deputy sheriff); *Gibson v. State*, 121 S.W.2d 361, 362-63 (Tex. Crim. App. 1938) (eleven jurors went to water fountain accompanied by deputy sheriff while one waited in jury box in open court); *Pearson v. State*, 165 S.W.2d 725, 730 (Tex. Crim. App. 1942) (one juror walked twenty or twenty-five feet away to buy newspaper while in the view of the deputy sheriff).

Further, appellant was charged with a misdemeanor. Under article 35.23, A[i]n misdemeanor cases the court may, at its discretion, permit the jurors to separate at any time before the

verdict.@ There is no provision calling for the court, on motion of any party, to prevent the jury from separating. In any event, appellant never made such a motion.

Even if a separation occurred, appellant did not preserve error for review. Although appellant and his counsel said they were in the courtroom when this alleged separation occurred, they did not raise any issue concerning that separation before the motion for new trial. In *Keiser v. State*, 880 S.W.2d 222, 223 (Tex. App.CAustin 1994, pet. ref=d), this Court observed: AAppellant, however, allowed the jury to continue in its deliberations after separation, reach a verdict, and move on to the punishment phase of the trial before he complained of its separation. We believe that a defendant should not be permitted to await the outcome of the jury=s deliberations and only complain of jury separation later if he is unhappy with the verdict.@ *Keiser* dealt with a failure to move to prevent separation in a felony trial. However, we think the same logic applies to this situation concerning an alleged separation in a misdemeanor trial. *Cf. Hood v. State*, 828 S.W.2d 87, 92-93 (Tex. App.CAustin 1992, no pet.) (timely motion to prevent separation and timely objection to court allowing jury to separate; separation mandatory under circumstances and reversible error to permit). Appellant had adequate opportunity to object to the separation, if any, before the jury returned its verdict. Accordingly, we conclude that appellant did not preserve this point for review and overrule his first point of error.

*Motion to Suppress*

In his second point of error, appellant contends that the trial court erred in overruling his motion to suppress evidence. He claims that no probable cause to arrest him existed. Therefore, he asserts that any evidence obtained after that arrest was the improper fruit of a warrantless arrest.

**4**

A trial court=s ruling on a motion to suppress is reviewed using an abuse of discretion standard of review. *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). We review a suppression ruling using a bifurcated standard, giving almost total deference to the trial court=s findings of historical facts, but conducting a *de novo* review of the court=s application of law to those facts. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.3d 85, 89 (Tex. Crim. App. 1997). Probable cause to arrest exists when an officer has reasonably trustworthy information sufficient to support a reasonable person in the belief that the subject is committing or has committed an offense. *Hughes v. State*, 878 S.W.2d 142, 154 (Tex. Crim. App. 1992). In reviewing the trial court=s ruling, the appellate court should consider the totality of the circumstances then existing. *Guzman v. State*, 955 S.W.2d at 87.

In this case, the first officer who arrived on the scene came in response to Penberthy=s distress call. Penberthy was still on the scene and reported the collision. Appellant did not deny driving the white Excursion; rather he claimed that Penberthy had backed her car into his. The officer noticed the smell of alcohol on appellant, his red eyes and slurred speech and called for a DWI enforcement officer. That officer was given the same information, made the same observations about appellant=s condition, administered the field sobriety tests, and observed appellant failing those tests.

Probable cause existed to arrest appellant for driving while intoxicated. Appellant effectively admitted he was operating the vehicle by contending that Penberthy backed into him in the drive-though lane. He was operating his motor vehicle in a public place. *See State v. Nailor*, 949 S.W.2d 357, 359 (Tex. App.CSan Antonio 1997, no pet.) (parking garage of Holiday Inn); *Thibaut v. State*, 782

**5**

S.W.2d 307, 308 (Tex. App.CEastland 1989, no pet.) (parking lot of multi-unit condominium complex that was accessible to public). The information given by the eyewitness and the officers= observations at the scene were enough to constitute probable cause that appellant was driving while intoxicated. Accordingly, the trial court did not err in overruling appellant=s motion to suppress. We overrule appellant=s second point of error.

## Conclusion

We hold that the trial court did not abuse its discretion in overruling appellant=s motion for new trial and did not err in overruling appellant=s motion to suppress. We affirm the trial court judgment.

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:  July 26, 2002

Do Not Publish