Johnson v. The State.

JOHN JOHNSON v. THE STATE.

The least touching of another's person, wilfully and in anger, constitutes, in law, a battery; and every battery includes an assault.

We have repeatedly decided that a defendant may be convicted of a common assault and battery, upon an indictment for an assault with intent to murder.

It is scarcely necessary to say, that the giving of jurisdiction to Justices of the Peace, in certain cases, did not take away that of the District Court over such offences.

Appeal from Milam. It did not appear from the transcript, who presided in the Court below.

Indictment for an assault upon Martin, with intent to murder. Plea of not guilty. Verdict of guilty of simple assault and battery, and fine assessed at $100. Motion for new trial overruled. The facts were as follows:

·William L. Lochlin, witness for the State, testified that he went to defendant's store in Milam county early on the 10th December, 1855. Defendant said he had lost his pocket book

and money. He took a pistol, and holding it in his hand, told Martin, his clerk, that he believed he had the money, and that, if he knew that he had it, he would kill him, and pointed his finger towards his head, where he would shoot him. Did not see the defendant point the pistol at Martin.

Altimont L. Lochlin, for the State, said, he heard his father, W. L. Lochlin, and defendant at the store of the latter, in Milam county, and hurried over to said store to see what was the matter. When he got there he heard Johnson tell Martin, that he believed he had his money, and if he knew he had it, he would kill him, and pointed his finger at Martin's head, where he would shoot him. Did not say that he pointed the pistol, but thought he did. Witness told Johnson to put up the pistol, and not act the fool, and he would help him find the money, which Johnson did, after putting his hands on Martin's pocket to see if the pocket book was there. Johnson seemed to be excited. Witness could not say that the pistol was loaded, but it was cocked. Martin did not have the pocket book ; it was found, after the difficulty, where Johnson had mislaid it.

*Fisk* and *Bowers* for appellant. As the assault was charged to have been made with a pistol, it was not proper for the jury to regard any evidence showing an assault made in any other way, than as laid in the indictment, that is, with loaded fire-arms or a loaded pistol. And it is contended that there could not be a simple assault and battery made with a deadly weapon.

But on a charge for " an assault with intent to commit murder," the jury are not warranted in finding a verdict of guilty of a battery of any kind, for the accusation of assault with intent does not include the offence of a battery ; and hence the general rule that the jury may discharge the defendant of the higher crime as charged, and convict him of the less atrocious, does not apply in this case.

The proof and the verdict of the jury show that the District Court had no jurisdiction over the cause, for if there was any offence committed it was nothing more than a simple assault and battery. By Hart. Dig. Art. 553, the original jurisdiction of such offences is given to Justices of the Peace and Mayors of towns and cities.

The verdict was excessive. The evidence shows that all the party accused wanted was his own rights.

*Attorney General* for appellee.

WHEELER, J. The least touching of another's person, wilfully and in anger, constitutes, in law, a battery ; and every battery includes an assault. The act of laying hands on the person of the party assailed, under the circumstances, was sufficient to constitute a common assault and battery; and if it were attended with no aggravating circumstance, the jury did not exceed the limit of fine which, under the law, they were authorised to impose. (3 Bl. Com. 120 n. ; Norton v. The State, 14 Tex. R. 387; Hart. Dig. Art. 553.) But it was attended with circumstances of great aggravation. It was wholly unprovoked by the party assaulted ; and had not the witness interposed, it is impossible to say into what excesses, the rashness and violence of the defendant might have carried him. We have repeatedly decided, that a defendant may be convicted of a common assault and battery, upon an indictment for an assault with intent to murder. (6 Tex. R. 348, 344.) And it is scarcely necessary to say, that the giving of jurisdiction to Justices of the Peace in certain cases, did not take away that of the District Courts over such offences. There is no error in the judgment, and it is affirmed.

                     Judgment affirmed.