## Herman Poldrack v. The State.

### No. 5483. Decided November 26, 1919.

**1.—Simple Assault—Sufficiency of the Evidence.**

Where, upon trial of simple assault, the evidence showed that the defendant grabbed the alleged injured female with one hand, and put his other hand on her body at or near her privates, accompanying such acts with an insulting proposal to her, this would amount to an assault and battery. Following: Ware v. State, 24 Texas Crim. Rep., 521.

**2.—Same—Name of Injured Party—Idem Sonans.**

Where, upon trial of simple assault, the name of the injured party was alleged to be Matoska, and the evidence showed that her name was always spelled Matosky, the same was idem sonans. Following: Ex parte Holland, 53 Texas Crim. Rep., 301, 108 S. W. Rep., 1181, and other cases.

**3.—Same—Charge of Court—Requested Charge.**

Where the court charged the jury, in the trial for simple assault, that they must believe that the assault was committed as alleged in the indictment before they could convict the defendant, this was sufficient and there was no error in refusing special charges thereon.

Appeal from the County Court of Williamson.   Tried below before the Hon. F. D. Love, judge.

Appeal from a conviction of simple assault; penalty, a fine of five dollars.

The opinion states the case.

*Amos Peters, J. F. Taulbee,* for appellant.

*C. M. Cureton,* Attorney General, *W. J. Townsend,* Assistant Attorney General, *H. N. Graves,* County Attorney, for the State.—On question of *idem sonans*: 5 Michie Company 471; Williams v. State, 5 Texas Crim. App., 226; State v. Griffe, 23 S. W. Rep., 878; Cline v. State, 34 Texas Crim. Rep., 415; Smith v. State, 63 Texas Crim. Rep., 183, 140 S. W. Rep., 1096; Thompson v. State, 97 id., 316.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Williamson County of simple assault, and his punishment fixed at a fine of five dollars.

The charge as made in the indictment, was that appellant unlawfully made an assault upon one Annie Matoska, by striking, wounding, and bruising her with his hands and fists.

The facts, as contended for by the State, show that appellant "grabbed" the alleged injured female with one hand, and put his other hand on her body at or near her privates, accompanying such acts with an insulting proposal to her. These facts, if believed by the jury, would constitute such a striking as to amount to an assault and battery.

The slightest degree of force, would be such battery. Donaldson v. State, 10 Tex. Crim. App., 307; Ware v. State, 24 Tex Crim. App., 521.

Taking hold of a woman without her consent, and in such a way as to cause in her a sense of shame, or a disagreeable emotion of the mind is sufficient, under our statute, to constitute an assault.—Art. 1009, Vernon's Penal Code, and authorities cited.

The name of the injured party was alleged to be *Matoska*. Her husband said he always spelled it *Matosky*. We think the names *idem sonans.*—Dickson v. State, 28 S. W. Rep., 815; Alexander v. State, 25 S. W. Rep., 127; State v. Griffie, 23 S. W. Rep., 878; State v. Foster, 1 Texas Crim. App., 531; Cline v. State, 34 Texas Crim. Rep., 415; Ex parte Holland, 53 Texas Crim. Rep., 301, 108 S. W. Rep., 1181.

The court charged the jury that before they could convict appellant they must believe that the assault was committed "as alleged in the indictment." This was sufficient, and the Court did not err in refusing the special charge asked by appellant.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*