TOM COOPER v. THE STATE.

No. 8209.    Decided October 29, 1924.

Rehearing denied November 26, 1924.

1.—Slander—Charge of Court—Issue Presented—Should be Charged.

Appellant's special charge requested, that although you may find from the evidence, that the words as alleged in the information were spoken by the defendant, and that such words, if spoken were false, then unless you further find that the imputation was maliciously and wantonly made by the defendant, and that said words spoken, if any were directed to and did mean Mrs. Fannie Campbell and no other person, you will acquit the dependant, was a correct presentation of the law, and should have been given.

2.—Slander—Charge of Court—On Weight of Evidence—Error.

The paragraph of the court's charge complained of by the appellant was not proper, and in effect was on the weight of the evidence, and not supported by the testimony. The rule is, well settled that a charge though correct in the abstract may be misleading to the jury, where there is no evidence upon which to base it. See authorities cited in opinion.

Appeal from the County Court of Williamson County. Tried below before the Hon. F. D. Love, Judge.

Appeal from a conviction for slander; penalty, a fine of one hundred dollars, and confinement in the county jail for a period of thirty days.

*L. Duke,* and *W. C. Wofford,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is slander; punishment fixed at a fine of one hundred dollars and confinement in the county jail for a period of thirty days.

The information in detail set out language which, it is charged, imputed a want of chastity to Mrs. Fannie Campbell.

Appellant requested and the court refused the following special charge:

"You are instructed that although you may find from the evidence, that the words, as alleged in the information, were spoken by the defendant, and that such words, if spoken, were false, then, unless you further find that the imputation was maliciously and wantonly made by the defendant, and that said words spoken, if any, were directed to and did mean the said Mrs. Fannie Campbell, and no other person, and unless you do not so find beyond a reasonable doubt, you will acquit the defendant and so find by your verdict in this cause."

It is charged that the court, in one paragraph of his charge, used this language:

"If on inquiry as to the general reputation of the female you are satisfied from the evidence, that her reputation for chastity is bad in the community in which she lives, then you should acquit the defendant, or if you believe that the defendant has established the truth of the alleged statement, then and in that event you will also acquit the defendant."

By proper bills of exception the action of the court in refusing the special charge mentioned and embracing the paragraph of the main charge is before this court for review.

Several witnesses testified that they were present at a conversation about a whipping that had been given to a man named Burleson, in which the appellant said:

"I know he didn't get more than he deserved because he has been laying up with that woman four or five months, and I can prove it by three or four men."

It affirmatively appears that the name of Mrs Fannie Campbell was not mentioned by the appellant or anyone else in the conversation so far as the record reflects. The witnesses, however, from their knowledge of the subject-matter and from the comment by the press and the public generally upon the whipping of Burleson, drew the inference that the woman to whom the appellant referred was Mrs. Fannie Campbell. The evidence may have been sufficient to support this inference. However, inasmuch as he did not name her, it occurs to us that upon the request of the appellant, it was his right to have the jury's attention specifically called to the necessity of the State's proving that in the language used by the appellant, he referred to Mrs. Campbell. The paragraph of the court's charge quoted above apparently submitted an issue which was not raised by

the evidence. Appellant introduced no testimony; nor does his cross-examination suggest that the reputation of Mrs. Campbell for chastity was bad. Neither did he claim the alleged fact, namely, that the party whipped "had been laying up with that woman" was true.

The paragraph of the charge of which complaint is made was calculated to impress the jury with the idea that the appellant was attacking the reputation of the alleged injured female for chastity, and that he was asserting that she had, in fact, become the paramour of Burleson. If he had introduced testimony bearing this interpretation, it would not have been amiss to instruct upon it.

In the absence of attack, the law would presume the chastity of the female mentioned, and in all likelihood the jury would do so. Collins v. State, 39 Texas Crim. Rep., 33. That was not the question at issue, but whether the appellant's remarks referred to Mrs. Campbell and whether they were maliciously and wantonly made. The suggestion embraced in the court's charge implying that the chastity of the female was attacked by the evidence seems to us to have been calculated to divert the minds of the jury from the questions that were properly before them and to mislead them into the belief that since the appellant had failed to establish the truth of his alleged statements, the conviction must follow. The rule is well settled that a charge, though correct in the abstract, it may be misleading to the jury where there is in the record no evidence upon which to base it. See Cyc. of Law & Proc., Vol. 14, p. 651, Sec. 27; Branch's Crim. Law, Sec. 460; Anderson v. State, 34 Texas Crim. Rep., 546; Tittle v. State, 35 Texas Crim. Rep., 97.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON REHEARING.

HAWKINS, JUDGE.—The State has filed a motion for rehearing, the only ground for which is stated to be "Because the judgment of reversal is contrary to the law and the evidence." This is entirely too general to challenge the consideration of the court. The motion should be based on some specific ground pointed out in the motion. Jordan v. State, 64 Texas Crim. Rep., 187, 141 S. W. 792.

The motion for rehearing is overruled.

*Overruled.*