## RICHARD ESTEP v. THE STATE.

No. 10864.   Delivered May 25, 1927.

Rehearing denied October 12, 1927.

**1.—Seduction—Continuance—Third Application—Properly Refused.**

Where appellant, on trial for seduction, made a third application for a continuance on account of the absence of three witnesses, for two of whom no sufficient diligence was shown, and for the other, his application failed to set out with sufficient certainity the facts which he expected to prove by said witness, no error is shown in the refusal of the continuance.

### ON REHEARING.

**2.—Same—No Error Shown.**

On rehearing appellant insists that the evidence is insufficient to support the conviction. We have again carefully reviewed the facts, and are unable to agree with his contention, and the motion is overruled.

Appeal from the District Court of Live Oak County. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction for seduction, penalty five years in the penitentiary.

The opinion states the case.

*B. D. Tarlton* of Corpus Christi, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of seduction, and his punishment assessed at five years in the penitentiary.

The indictment charges that the appellant, on or about April 15, 1924, unlawfully seduced Erie Webster, an unmarried female under the age of 25 years, under a promise of marriage. The record discloses that the prosecutrix was about 15 years of age at the time of the alleged offense, that the appellant was about 24 years of age, and that appellant and prosecutrix, whose parents were neighbors, had been going together constantly for two or three months prior to the alleged offense and went together continuously thereafter until the latter part of November or the first part of December, 1924. It appears that during the latter part of November or the first part of December, prosecutrix's father, having been informed that his daughter was pregnant, went to appellant and demanded that he marry the

prosecutrix. The appellant did not deny that he was responsible for the prosecutrix's condition, and did not refuse to marry her, but requested that the matter be delayed in order that he might confer with his father, promising to return and take the matter up again with prosecutrix's father. However, appellant did not return, but borrowed money from his brother-in-law, took the train at San Antonio during the night, and went to Oklahoma. The prosecutrix testified that it was upon a promise of marriage that she yielded to the persistent solicitations of appellant to have intercourse with her, and that she would not have done so except for the promise of marriage. She further testified that her first act of intercourse with the appellant took place on April 15, 1924, and that she and appellant continued to have illicit sexual relations once or twice each week thereafter until a short time prior to appellant's departure for Oklahoma. The appellant took the stand and admitted the act of intercourse on April 15, 1924, and many acts thereafter, but denied that he ever promised to marry the prosecutrix.

There is but one bill of exception in the record, and it complains of the action of the court in overruling appellant's third application for continuance for the want of the testimony of Mrs. Eula Bradshaw, an alleged resident of Jackson County, Phillip Troup, who resided in Live Oak County at the time of issuance of process, and Oscar Johnson, whose last residence was alleged to have been in Goliad County. The trial court refused to grant this application upon the ground that it was the third application for continuance, and that he did not consider the same to be sufficient.

Regarding the witness, Mrs. Bradshaw, the application alleges that she had attended the former terms of the court, but that she was unable to attend the term at which appellant was tried on account of sickness, which fact was substantiated by the unsworn statement of a physician. Appellant alleged that he expected said witness to testify

"To such acts of the prosecuting witness (Erie Webster) as will show her chastity prior to the time the defendant is charged with having committed the offense which he stands charged was such as would lead anyone to believe that she was unchaste." etc.

Appellant further alleged that he expected said witness to testify that she heard a conversation between the mother of the prosecutrix and Gene Mapes, in the summer of 1924, in which Mrs. Webster told Mapes that he had ruined her girl, the prosecuting witness, and would have to marry her, or that it would

cost him $1,000.00, or he would have to leave the country. It will be observed from the above that the application for this witness did not set out facts which appellant expected to prove by said witness, except as to the conversation, but merely set out conclusions which he expected to prove by the witness. As to the conversation, both Mrs. Webster and Gene Mapes testified at the trial that no such conversation ever took place.

As to the witness Troup, the application shows that appellant sought process for said witness on June 12, 1926, and that at the time and for a month thereafter the witness resided on or near the farm of appellant's father, but was never served with process. The application fails to show any other attempt to secure the attendance of the witness. We are of the opinion that the appellant has not discharged the burden of diligence required by law to secure the attendance of this witness.

The application for the witness Johnson shows that he was subpoenaed on the 15th of June, 1925, by the sheriff of Goliad County, and it is alleged that he attended one term of court on July 20, 1925, but failed to appear at the December term following. It is further alleged that on January 11, 1926, appellant made an application for attachment of said witness, directed to Goliad County, returnable on May 24, 1926, and that said attachment was returned on February 2, 1926, without showing whether or not the witness had ever been served. The application fails to show any further effort upon the part of appellant to secure the attendance of this witness from that time until the date of the trial, January 8, 1927. There is no affidavit from either of the three witnesses attached to appellant's motion for new trial, wherein he complains of the action of the court in overruling his third application for continuance herein, and in view of the fact that such applications are rightly left to the discretion of the trial court, we are unable to persuade ourselves to believe that the trial court erred in refusing to grant appellant's third application for continuance.

The appellant also raises an issue as to the sufficiency of the evidence in his motion for new trial. We have carefully examined the statement of facts and are unable to reach the conclusion that the evidence is insufficient to warrant the verdict of guilty, and are not in accord with appellant's contention to the effect that the prosecuting witness was not corroborated by other evidence tending to show the appellant's guilt.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's motion is in the main too general to demand attention. Jordan v. State, 64 Tex. Crim. Rep. 187, 141 S. W. 792; Cooper v. State, 98 Tex. Crim. Rep. 446, 265 S. W. 894; Grant v. State, 287 S. W. 254. Upon his insistence that the evidence is insufficient to support the conviction we have again carefully reviewed the facts and find ourselves unable to agree with his contention.

The motion for rehearing is overruled.

*Overruled.*