**SINGLETON et al. v. STATE.** (No. 11914.)

Court of Criminal Appeals of Texas. Dec. 19, 1928.

Rehearing Denied Oct. 23, 1929.

Parker & Parker and McLean, Scott & Sayers, all of Fort Worth, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for transporting intoxicating liquor; punishment, two years in the penitentiary.

There are two bills of exception which the state moves to strike out on the ground that same were filed too late. This is controverted by appellant who makes a showing which we think sufficient to justify us in concluding that the fact of such bills being filed too late was in no wise the result of any negligence of appellant.

It appears from the testimony that two federal officers had received information that a car having a Fort Worth or Dallas number would come along a certain road, and that same would be loaded with whisky. Said

officers posted themselves on said road, and, shortly after taking their station, a car appeared. Examination of same showed it to have a Fort Worth number. The officers were armed with a book giving them the register number of cars in different counties. In addition, it was observed that the car was very heavily loaded, the springs of the car being mashed almost flat; also the officers observed that there was a six-shooter and a sawed-off shotgun in the seat of the car. One of the defendants was asked where they were from, and he answered Fort Worth. Under such circumstances the officers deemed themselves at liberty to search the car, and they found in its something like 100 quarts of whisky.

In our opinion the facts before the officers were sufficient to justify them in searching the car without a search warrant, but upon probable cause as defined in the authorities. Landa v. Obert, 45' Tex. 539. This in regard to appellants' bill of exception No. 2, complaining of the reception of the testimony of what was found by the officers, said complaint being based on the fact that the officers had no search warrant.

Further complaint is made of the fact that, while the county attorney was making the opening argument for the state in this case, among other things, he said: "There is no evidence coming from the witness stand to contradict or explain the fact that the defendants were transporting liquor." The bill shows that the argument was objected to and the objection was by the court sustained and the jury were instructed to disregard the argument; also that the court gave a written instruction to the jury to that effect. We are not impressed by the fact that such evidence was necessarily a comment on the failure of the defendants to testify. Witnesses had been on the witness stand and had testified to all that transpired at the time the appellants were arrested. There was no sort of controversy possible over the fact that the appellants were personally transporting liquor. None of the witnesses who took the stand offered any explanation or stated anything contradicting the fact that the appellants were personally transporting the liquor. We rather regard it necessary to put a strained construction on what was said by the county attorney in order to reach the conclusion that it was a necessary reference to the failure of defendants to take the stand. We do not think this bill of exceptions shows any reversible error.

The judgment will be affirmed.

### On Motion for Rehearing.

HAWKINS, J. The judgment of affirmance was rendered on the 19th day of December, 1928. Motion for rehearing was filed on the 2d day of January, 1929. This motion is entirely too general to challenge the attention of the court. It merely states that the court was wrong in overruling appellant's claim that error was committed by the trial court, as shown in bills of exception Nos. 1 and 2, without in any way particularizing the supposed erroneous holding. Jordan v. State, 64 Tex. Cr. R. 187, 141 S. W. 786; Cooper v. State, 98 Tex. Cr. R. 446, 265 S. W. 894. No leave was requested or granted by this court permitting appellant to amend his motion for rehearing. It was not submitted during the term of court which adjourned the last of June, 1929. There now appears in the record what is denominated "An Amended Motion for Rehearing." It was not filed until the 30th day of September, 1929, 90 days after adjournment of this court. To permit such practice would in our judgment unnecessarily delay the final disposition of cases.

We must respectfully decline to consider said amended motion, and the original motion for rehearing is overruled.