## S. R. BROWN v. THE STATE.

No. 17583.  Delivered May 22, 1935.
Rehearing Denied June 26, 1935.

The opinion states the case.

*J. Benton Morgan,* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of an assault with intent to commit rape, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

The appellant's first contention is that the testimony is insufficient to warrant and justify his conviction. The material facts in support of the charge contained in the indictment were related by the prosecutrix who was 13 years of age at the time of the trial, who testified as follows: "On the morning of August 13, 1934, I was at home alone. Defendant came to our house between 8 and 9 o'clock. My father was at Mr. Petty's cutting feed and my mother was at Mrs. Babb's gathering peaches. The first thing that attracted my attention that Mr. Brown was at our house was when he hollered 'hello.' I went to the door and he asked me where Daddy was. I told him at Mr. Petty's. Then he asked where mother was and I said at Mrs. Babb's. He then said he had to have a drink. I went into the kitchen and got the water bucket and started back to the defendant who was standing in the kitchen door. He then got him a drink and when he sat the bucket on the cabinet he walked over to me, put his arms around my neck and waist and said, 'Oh, honey, I love you.' He said that several times. He also put his hands between my legs and tried to put his hands up under my dress but I wouldn't let him. He then said, 'Let me feel of the thing,' and I told him no and got loose from him. He then came over to me and caught hold of me again and said, 'Do you want some,' and I said no; then he said, 'Please let me. I know how to do it not make you big,' and then he pushed me into the dining room and stood in the door and said, 'You will let me when you get bigger, won't you?' I told him no. Then I said, 'I wonder if mother is coming,' and he said, 'Go look.' I went to the window and saw my mother coming and told him and he then started out of the house. When Mother came he talked to her about canning a calf. He stayed about 10 minutes and then left."

The appellant admitted his presence at the house on the occasion in question but denied his act and conduct toward the prosecutrix as testified to by her.

In order to determine the sufficiency of the testimony, it may be well that, in connection with Art. 1162, P. C., relating to an assault with intent to rape, we also refer to Art. 1183, P. C., which defines the offense of rape of a female under the age of 18 years as follows: "Rape is * * * the carnal knowledge of a female under the age of eighteen years other than the wife of the person with or without her consent and with or without use of force, threats or fraud." If the prosecutrix had yielded to the appellant's solicitations for sexual favor and engaged with him in the act of sexual intercourse, he would have been guilty of rape, and if at the time when he took hold of the girl, who was under the age of consent, he then entertained the specific intent to then and there have carnal knowledge of her with her consent, he would be guilty of an assault with intent to commit rape. Whether he entertained such specific intent at that time was a question of fact to be determined by the jury from the testimony relating to his conduct and surrounding circumstances at the time. What did appellant have in his mind when he took hold of the little girl, put his hand under her dress and solicited sexual favors? If she had not repelled his advances, would he have desisted or would he have pursued his expressed desire to the accomplishment of his ultimate object? When she declined to comply with his request to then and there engage in sexual intercourse with him, he then requested that such favor be granted at some future time, which indicated that he would have accepted the desired favor at that very time, but if not then granted he would accept same at some future date when she was larger. However, we do not wish to be understood as holding that a mere proposal for sexual intercourse, unaccompanied by an assault and a specific intent to then and at that time have carnal knowledge of a girl under the age of consent would be sufficient to constitute the offense of an assault with intent to rape. We do not believe that what we have said here is out of harmony with the decision of this court in the case of Cromeans v. State, 129 S. W., 1129, and the case of Bartlett v. State, 38 S. W. (2d) 103. That the appellant was guilty of an assault when he took hold of her and put his hand on her body at or near her privates, accompanied with an insulting proposal, is fully sustained by the case of Poldrack v. State, 86 Texas Crim. Rep., 272.

We do not deem it necessary to discuss the various objec-

tions urged against the court's main charge as they do not point out any specific error.

The appellant next complains of the action of the trial court in declining to submit to the jury his special requested instruction No. 10. This charge was in substance the same as that contained in paragraph 8 of the court's main charge except some inaccuracies therein, and in the absence of a specific objection pointing out the error, if any, in the court's main charge, the court may have concluded that it was but a repetition of his charge couched in somewhat different language. In the case of Parker v. State, 98 Texas Crim. Rep., 209, 261 S. W., 782, this court said: "A special requested charge which did not embrace a correct proposition of law, but did call the court's attention to the issue, was properly refused, and such refusal did not suffice to bring the point forward for review."

By bills of exception Nos. 1 to 8, both inclusive, the appellant complains of the closing argument of the district attorney. While we do not approve of the argument by the district attorney, as set forth in the bills of exception, yet in view of the fact that the court sustained appellant's objection and promptly instructed the jury not to consider the same, and inasmuch as the jury assessed the lowest punishment prescribed by law for such an offense, we are of the opinion that appellant's rights were not injuriously affected thereby. See Branch's Ann. P. C., Sec. 362, and authorities there cited.

Being unable to agree with the appellant in any of his contentions, the judgment of the trial court is in all things affirmed.

*Affirmed.*

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant requests a rehearing "For the reasons and upon the grounds as follows, to-wit: Appellant especially relies upon and invites the court's careful consideration of the alleged errors one to six inclusive as set out in appellant's brief, in this his motion for rehearing, and upon which he relies for a reversal of the court's judgment in this case." It will be observed that in no particular does appellant point out what he regards as erroneous in our opinion of af-

firmance. The motion is in substance only a request that we again review the questions originally presented in appellant's brief. The motion is too general to command the attention of the court. Jordan v. State, 64 Texas Crim. Rep., 187, 141 S. W., 786; Cooper v. State, 98 Texas Crim. Rep., 446, 265 S. W., 894; Estep v. State, 107 Texas Crim. Rep., 538, 298 S. W., 283.

The motion for rehearing is overruled.

*Overruled.*