## JOHN DOUGLAS V. THE STATE.

No. 18869.   Delivered March 17, 1937.
Rehearing Denied April 14, 1937.

The opinion states the case.

*Wyatt J. Baldwin* and *Owen M. Lord,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of an assault with intent to commit rape, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's main contention is that the evidence is insufficient to justify and support his conviction. In order that we may properly dispose of the question presented, we deem it proper to state the salient facts proven upon the trial. Appellant, a negro approximately sixty years of age, was a fortune teller. On the occasion in question the prosecutrix and a girl friend went to appellant's house for the purpose of having her fortune told. Upon their arrival at his place he requested the friend of prosecutrix to retire to the adjoining room as he could not tell prosecutrix's fortune in the presence of any other person. The friend of the prosecutrix upon appellant's request retired to an adjoining room. When appellant and prosecutrix were alone he directed her to stand up and when she did so, he came close up to her with his pants down and his male organ exposed. The testimony further shows that he took hold of her with one of his hands and was fixing to pull up her dress and had the other on his private part when he stooped down; that she jerked his hand down; that he said something to her about getting on the bed; that he did not pull down her pants, but was fixing to do so; that after she had jerked his hand away, he pulled up his pants. The little girl friend, who was in an adjoining room and peeped through a hole in the door, corroborated the prosecutrix's testimony in part. At the time of the alleged offense prosecutrix was but twelve years of age. In determining the sufficiency of the testimony it may be well to consider Art. 1162, P. C., relating to an assault with intent to rape, in connection with Art. 1183, P. C., which defines the offense of rape of a female under the age of eighteen years as follows:

"Rape is * * * the carnal knowledge of a female under the age of eighteen years other than the wife of the person with or without her consent and with or without the use of force, threats or fraud," etc.

If prosecutrix had yielded to appellant's desire for sexual intercourse and had engaged in the act with him, he would have been guilty of rape; and if at the time when he took hold of the girl, who was then under the age of consent, he then entertained the specific intent to then and there have carnal

knowledge of her with her consent, he would be guilty of an assault to commit rape. Whether he entertained such specific intent at the time was a question of fact to be determined by the jury from the testimony relating to his conduct and surrounding circumstances. What did appellant have in his mind when he, with his person exposed, went close to the little girl and undertook to pull up her dress? If she had not repelled his advances would he have desisted or would he have pursued his desire to the accomplishment of his ultimate purpose. That appellant was guilty of an assault when he took hold of her and undertook to raise up her dress, accompanied by an evil design or intent, is fully sustained by the case of Poldrack v. State, 86 Texas Crim. Rep., 272, 216 S. W., 170. We believe that the testimony was sufficient to justify the verdict and in support of our conclusion we refer to the case of Brown v. State, 83 S. W. (2d) 678.

We have examined the various objections urged by the appellant against the court's main charge, but find no error which would justify this court in reversing the judgment.

All other matters complained of have been duly considered by us and found to be without merit.

It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant asserts that the proof nowhere shows that he was guilty of a personal assault upon the prosecutrix, and in connection with the motion appellant quotes at length from the testimony. We regret that comparison of his quotations make plain the fact that omitted parts of the testimony overcome his complaint that the proof does not show that he took hold of or made contact with the person of prosecutrix so as to make him guilty of an assault. Illustrative: In his motion appellant quotes as follows: "Well, I stood up, and he told me to pull up my dress. At that time my dress was up a little but not much." At this point the prosecutrix testified as follows: "Well I stood up, and he told me to pull up my dress. Well he took one of his hands and was fixing to pull up my dress. At that time my

dress was up a little but not much." At another place appellant's quotation of the testimony of the prosecutrix is as follows: "He told me to be still. He also said nobody was there. When he did that his pants were down and his thing was sticking out." From the testimony of prosecutrix at the same place we quote: "He told me to be still. He also said nobody was there. Well, he pulled up my dress and came close to me. When he did that his pants were down and his thing was sticking out."

We can not agree with appellant that the evidence does not show that he took hold of prosecutrix. Nor can we agree to the proposition that the evidence is not sufficient to show that it was his intent at the time to have carnal knowledge of a child who was under the age of consent. The evidence seems amply sufficient to support a contrary view.

The motion for rehearing is overruled.

*Overruled.*