WILLIAM DUKES v. THE STATE.

No. 20718. Delivered January 10, 1940.
Rehearing Denied February 21, 1940.
Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) February 28, 1940.

The opinion states the case.

*Xavier Christ,* of Port Arthur, and *W. R. Blain,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is assault with intent to rape; the punishment, confinement in the penitentiary for seven years.

Prosecutrix, Millie Ruth Avery, was 16 years of age at the time of the alleged assault. She had traveled by train from her home in Louisiana to Beaumont. After leaving the train she entered the automobile of appellant, who was a taxi-cab driver. She directed the appellant to drive her to the home of her sister, which was at 2778 Magnolia Avenue in the City of Beaumont. Obeying her instructions, appellant drove in the direction of her sister's home, but on arriving there failed to stop. He insisted that prosecutrix remain in the car for the purpose of accompanying him on a ride. She insisted that he leave her at her sister's home. Refusing to obey her request, appellant drove onto a country road. He finally stopped his car and requested that prosecutrix kiss him. About that time a car passed and appellant got back under the steering wheel, saying, "When that car passes don't you dare get out." She attempted to jump out of the car but appellant caught her by the arm and held her "so tight" that she was unable to free herself. At this juncture we quote from the testimony of prosecutrix: "I didn't have a chance—he was too strong—the

more I kicked and tried to get loose from him the tighter he would hold me. So he said 'Don't act that way—I am not going to do anything but kiss you.' * * * He said 'Don't you want to?' I said, 'Kiss you?' He said, 'No, don't you want to?' He never did tell me what he wanted to do. He said, 'You can lie right down in the seat and we will use a rubber.' And I said, 'No, my mother would kill me.' And he said, 'Your mother wouldn't know it.' "

Prosecutrix testified further: "He put his hands on me from my knees up. He put his hands under my dress and felt my privates. He didn't actually attack me only with his hands. * * * He put his hands under my dress and he also felt of my breast. I was trying to fight him and keep him off of me all the time, but I couldn't, because he was too strong and I couldn't shove him off."

Finally prosecutrix managed to free herself from appellant and hailed a passing car. The lady who was driving this car testified that just as she passed appellant's car prosecutrix screamed; that she took prosecutrix into her car; that she was crying, and was very nervous and white; that she told the witness what had occurred; that witness took the number of appellant's car; that later appellant brought prosecutrix's suit case to witness' car, saying that he had made "a mistake about this little girl."

Testifying in his own behalf, appellant admitted that he asked prosecutrix to have sexual relations with him. It was his version that she had voluntarily gone riding with him and had advised him that he might come to see her that night. It was appellant's further version that he had in no manner assaulted prosecutrix. He denied that he made the statement attributed to him by the witness who took prosecutrix into her car.

Appellant contends that the evidence is insufficient to support the judgment of conviction. We are unable to reach the conclusion that the proof is not sufficient to show an assault by appellant with the present intent to have sexual intercourse with prosecutrix. See Douglas v. State, 132 Tex. Cr. R. 258, and Hightower v. State, 65 Tex. Cr. R. 323.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains because the original opinion fails to make mention of his 2nd, 3rd, 4th, 5th, 6th, 7th and 8th assignments of error as set forth in his brief. All these assignments relate to the court's charge and alleged errors therein. We note that appellant filed no objections nor exceptions to the court's charge at the time of the trial, but seemed to have been content therewith at such time. In order for it to be incumbent upon us to consider these assignments of error relative to the court's charge, they should have been based upon some objections thereto made at the proper time. None are found in the record, and we therefore do not feel impelled to write upon such assignments set forth for the first time in the brief.

Appellant does complain of the evidence, however, and says that same is insufficient to show the age of the prosecutrix to have been under eighteen years. He quotes from numerous decisions laying down the cardinal doctrine that "If, in a criminal trial, there be evidence which presents an issue favorable to the defendant, the trial court should not disregard it." Burkhard v. State, 18 Texas Crim. App. 599. Again: "The theory of the State, and that of defendant, if supported by any evidence, should be presented in a charge by which these theories are clearly made prominent to the jury." Davis v. State, 10 Texas Crim. App. 31.

We have no controversy about the above rule with appellant. The only difficulty we do have is that there was no issue made relative to this young lady's age. She said she was sixteen years of age, and was not even cross-examined on that statement. The appellant, when he brought the grip to the lady's car, told the lady, who picked up the prosecutrix after she had gotten out of appellant's car, that "he made a mistake about this little girl."

Mrs. Callahan, who picked the little girl up and took her to town, was passing appellant's car and heard somebody screaming, and said "Stop, there is a little girl screaming." Appellant took the stand and nowhere in his testimony does he say or intimate that prosecutrix's age was other than what she said. There must first be an issue before the court would be required to charge thereon. We think this case was properly decided in the original opinion.

The motion is overruled.