CHARLIE B. MULLIN V. THE STATE.

No. 23007. Delivered January 10, 1945.
Rehearing Denied February 28, 1945.

The opinion states the case.

*Tom F. Coleman, Sr.*, of Lufkin, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was tried and convicted of the offense of assault with intent to commit rape. His punishment was assessed at confinement in the state penitentiary for a term of three years.

Appellant challenges the sufficiency of the evidence to sustain his conviction. The material facts in support of the charge contained in the indictment were related by the prosecutrix, who was seven years of age at the time of the trial and who testified as follows: On Saturday afternoon, May 6, 1944, appellant came to the home of her parents and asked them to permit her to go with him to his home because her grandmother (who was the wife of the appellant) was sick with a heart attack; that the mother agreed to let the girl go home with appellant; that on the way home he followed a trail which led through a timbered country; that when they reached a point near a branch appellant sat down on a log, pulled her panties off, then took her in his lap and undertook to have sexual intercourse with her. He told her that if she mentioned it to anyone he would kill her. On Sunday (which was the day following the alleged occurrence) appellant and his wife took the child back home. On Monday, while the mother was giving the little girl a bath and washed her privates, the child complained that it hurt her. The mother made an examination and found some bruised places on her person and questioned her about the same, whereupon the child related the occurrence. She then took the child to Dr. Dale at Diboll, who examined her, and his examination revealed a ruptured hymen and a bruised place on each side of the vagina which appeared to have been made about four or five days prior thereto; that he did not know what caused this condition.

Dr. Gandy at Lufkin examined the child a day later and stated that he found no ruptured hymen but did find a little discoloration on the inside of the vulva what would be termed a "bruise." The bruise was not on the inside of the vagina; it was on the inside of the vulva.

The Sheriff of Angelina County testified that he made an investigation of the alleged offense; that the little girl led him to the place of the alleged assault and there found tracks made by a man's shoe near the log which she pointed out to him as the one upon which the appellant sat when he committed the alleged offense. The sheriff found where some one had sat on the log. He took the appellant's shoes and fitted them into the tracks and they fit perfectly.

Appellant testified in his own behalf and admitted every fact testified to by the prosecutrix except that fact that he tried to have carnal knowledge of her. He denied that he took her panties off. He also denied that he endeavored to have sexual intercourse with her. However, the fact remains that something produced the condition of the child's privates as found and related

by Dr. Dale and Dr. Gandy. Now, what caused it? The little girl related in detail what happened while appellant was sitting on the log at the point indicated by her.

It will be noted from the brief summary of the evidence that an issue of fact was raised which the jury decided adversely to appellant and we would not be justified in holding that the evidence was not sufficient to sustain their conclusion of his guilt. See Brown v. State, 83 S. W. (2d) 678; Douglas v. State, 132 Tex. Cr. R. 258.

Appellant addressed a number of objections to the court's charge. We have examined the charge in the light of the objections and deem it sufficient to adequately apply the law to the facts as developed upon the trial. We therefore overrule his contention with respect to the claimed errors in the charge.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court:

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The appellant has filed a motion for rehearing in which it is forcefully presented that the evidence is insufficient to support the jury's verdict. This view would be tenable if the State relied upon circumstantial evidence alone. The case is built upon the direct testimony of the prosecutrix, who is a very small child, and her evidence is supported by circumstances. We see no reason why the jury's verdict would not be supported by the child's evidence alone if in the minds of the jury her testimony was considered credible. Her evidence in the instant case was very clear and positive, and given in intelligent language. It is denied by appellant in a most positive way but the jury took the State's view of the case and we see no grounds for a reversal.

Appellant's motion for a rehearing is overruled.