ROBERT LOUIS v. THE STATE.

No. 23679. Delivered June 4, 1947.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for the murder of Furman Wallace, punishment assessed at forty years in the penitentiary.

It is unnecessary to set out any extended statement of the facts. The killing occurred at a place called the Blue Moon. The State's evidence reflected an unlawful killing without cause, justification or mitgating circumstances. Appellant claimed that he shot in self-defense, believing his life was in danger or that he was going to sustain serious bodily injury at the hands of deceased whom appellant testified was coming upon him with a long bladed knife. This issue was submitted to the jury and the finding was against appellant. No complaint was urged against the court's charge, nor were any special charges requested.

It appears from bill of exception number two that the State had offered in evidence only a part of appellant's confession. In his opening argument the State's attorney said in substance that the attorney for appellant was going to ask long and loud why the State introduced part of the confession and not the other part, and told the jury that the reason was because when he took the statement he knew then as well as now that appellant was telling a point-blank lie. The argument was objected to as being outside the record and as inflammatory. The court sustained the objection and instructed the jury not to consider the opinion of the prosecuting attorney. In qualifying the bill the court says there was evidence in the record from which it might

reasonably be concluded that appellant did not tell the truth in his confession, and that the court was of the opinion that if the State's attorney was in error, same was cured by the court's instruction withdrawing the argument. We are inclined to agree with the trial court.

Bill of exception number three is also a complaint at language of State's attorney in his closing argument. The court qualifies the bill showing that the argument complained of had been provoked by argument of appellant's attorney and was in reply thereto.

Bill of exception number four recites that the State introduced the following testimony, to wit: "That defendant was A.W.O.L. from the Army till they turned him over to the State. That he belonged to the State now instead of the Army." The bill further recites that the evidence was objected to as irrelevant, immaterial and "incompetent to show an issue in the case." It will be noted that the bill fails to show by what witness or in what manner or under what circumstances the proof was made. The court qualified the bill but appellant refused to accept the bill with the qualification. Whereupon, the court refused the bill and prepared his own. Appellant then filed a bystanders bill which was not controverted by the State, and therefore becomes the bill which we must consider. The affidavit of the bystanders supplements the bill as originally prepared and throws some light on the matter. The affidavit of the bystanders follows:

"We, J. F. Johnson, Clayfus Boseman, and Presilla Walker, solemnly swear that we are informed and understand the contents of bill of exception number four (4) presented in the above entitled and numbered cause by the defendant to the Honorable Penn J. Jackson, presiding judge in said cause, and which bill of exception the said judge has refused to sign. We were present in Court when the matter recited in said bill of exception occurred and we are personally cognizant of the following facts relating thereto, to-wit, we heard the State introduce a part of the defendant's confession but that he did not read to the jury the last sentence thereof which contained the statement 'That defendant was AWOL from the Army.' Defendant's attorney then stated that he introduced the remainder of said statement and read the remainder of the same to the jury except he did not read and omitted the last sentence containing the statement that the defendant was AWOL from the Army; whereupon the State's counsel then read the remainder of the

confession to the jury; that is to say, the sentence stating that the defendant was AWOL from the Army, reading this last statement was objected to by the attorney for the defendant on the ground that it was irrelevant and immaterial to any issue in the case which objection was overruled by the Court to which the defendant excepted. When the defendant took the stand in his own behalf and upon cross examination the district attorney asked him if it was not a fact that he was AWOL from the Army, defendant's counsel again objected to such question and answer sought on the ground that it was immaterial, irrelevant, and incompetent to prove any issue in the case. The Court overruled said objection, and admitted said testimony and in answer to said question the witness testified that he was AWOL from the Army till they turned him over to the State and that he belonged to the State now instead of the Army, to which ruling and decision of the Court the defendant then and there excepted."

It may or may not be significant, but it is at least singular that nowhere in the statement of facts is to be found the confession of appellant although the statement of facts is approved by attorneys for all parties and the judge who tried the case. Neither is it shown by any of the bills of exception what part of the confession was introduced by the State and what part by appellant. Without this we are in poor position to appraise the complaint which we are asked to consider. From the bystanders bill it appears that when the State introduced part of the confession only appellant said he would introduce the remainder. It appears that a part of the remainder included the statement about appellant being AWOL from the Army which appellant omitted in reading the remainder to the jury, whereupon State's counsel read the omitted part. What, if anything, had preceded such statement in the confession about appellant being a returned soldier this court is not apprised. There may have been something in the confession itself which made the complaint of that part pertinent. This court is in no position to hold that even the bystanders bill as it appears in the record reflects error.

If we are correct in so holding it follows that the bill complaining of State's attorney's argument about appellant being AWOL is likewise without merit.

The judgment is affirmed.