**Carl BLUM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40423.**

Court of Criminal Appeals of Texas.

June 21, 1967.

Jones, Blakeslee, Minton, Burton & Fitzgerald, by Roy Q. Minton, Austin, for appellant.

Thomas D. Blackwell, Dist. Atty., and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is under Art. 535c, Vernon's Ann. P.C., for the offense of indecent exposure to a child under the age of sixteen (16) years; the punishment, ten years in the Department of Corrections.

The prosecuting witness, a boy thirteen years of age, testified that on September 1, 1965, while riding his bicycle on a public street in the city of Austin, he saw appellant standing between his house and a bamboo bush. At such time, appellant had on no clothes, was naked, and looking in the direction of the witness. The witness testified that he saw appellant's private parts,

and then went home and told his mother. The witness further testified that, a week before, he had seen appellant standing in the same place without any clothes on except his underwear down around his ankles, and at the time he could see appellant's private parts. He related that on still another occasion, as he and another boy were passing, they saw appellant standing between the house and the bamboo bush with his undershorts down around his ankles and at that time he saw appellant's private parts.

Three other young boys, upon being called as witnesses by the state, testified that in the summer of 1965 they, also, saw appellant exposing himself while standing in the yard at his home.

One boy, twelve years of age, testified that on an occasion when he was passing appellant's home he heard a "cat meow" and that he looked over and saw appellant standing by the bamboo bush with his trousers and shorts down, pointing toward his penis. He could see appellant's private parts. He stated that on another occasion the same summer, he saw appellant standing in his yard with his trousers and shorts down, turning a flashlight on and off around his waist, and that his attention was directed to appellant's private parts.

Another boy, thirteen years of age, testified that as he was walking by appellant's house he heard someone call to him and that he looked and saw appellant in the yard with his pants and underwear down and that appellant turned and faced the witness and called to him.

The third boy, fourteen years of age, testified that he was with the prosecuting witness on an occasion when they saw appellant standing in his yard in the nude.

Appellant did not testify or offer any testimony on the issue of guilt or innocence.

Appellant's sole ground of error in his brief filed in the trial court is that the court erred in admitting the evidence of extraneous offenses.

In oral argument before this court, counsel for appellant concedes that, under the record, evidence of extraneous offenses was admissible but that error was committed because of the number of extraneous offenses shown.

Appellant made no objection to the testimony of the prosecuting witness but did object to the testimony of the other three boys, on the ground that their testimony constituted proof of extraneous offenses.

The evidence of extraneous offenses was admitted by the court, under exceptions to the general rule, for the purpose of showing identity, intent, motive, or knowledge, of appellant in commission of the offense charged, and the jury's consideration thereof was so limited by the court in his charge.

In O'Neal v. State, opinion this day delivered, not yet reported, this court held that evidence of unnatural acts by the accused with boys other than the complainant was admissible to show, among other things, the lascivious intent of the accused in a prosecution under Art. 535b, V.A.P.C., for unlawfully enticing a minor child for immoral purposes. Under the facts in the case, the evidence was held admissible under certain exceptions to the general rule prohibiting proof of extraneous offenses.

■ Under the facts of this case and decisions of this court, evidence of the extraneous offenses was admissible to show appellant's lascivious intent in committing the offense charged against him.

■ The burden of proof was upon the state to prove such intent, and the evidence was properly admitted, as an exception to the general rule, for that purpose.

We know of no rule of law which would limit the introduction of evidence admissible to show such intent.

The ground of error is overruled.

The judgment is affirmed.

## CONCURRING OPINION

MORRISON, Judge.

I agree to the affirmance of this conviction, but do not do so on authority of O'Neal v. State, No. 40,414, this day decided, as will be seen from my concurrence in that case.

In the case at bar appellant made no overt gesture within the view of the prosecuting witness, and the extraneous offenses in which overt gestures were made were admissible to demonstrate appellant's intent when he exposed himself to the prosecuting witness.

Judge ONION joins in this concurrence.