Ronald Dewey BEAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 41421.

Court of Criminal Appeals of Texas.

July 24, 1968.

Rehearing Denied Oct. 23, 1968.

John W. O'Dowd, Walter E. Boyd, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jimmy James, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is under Art. 726d, Vernon's Ann.P.C., for the unlawful possession of a barbiturate; the punishment, 730 days in jail.

It was shown by the state's testimony that on the day in question the appellant was arrested by Officer Lilley for being drunk in a public place as he (appellant) was getting into an automobile parked on the street. Following his arrest, appellant was placed in the custody of Officer Lewis, who proceeded to search him at the scene. In the search, a red and blue capsule was found on appellant's person, which capsule the officer testified he put in an envelope and, after sealing the same, placed the envelope in a locked box at the police station, to be examined by the laboratory technician. State's exhibit # 1, introduced in evidence by the state without objection, was identified by the officer as the envelope which he placed in the locked box.

Chemist Floyd McDonald testified that he removed state's exhibit # 1 from the

locked box, which exhibit was an envelope containing "a little red and blue capsule." The chemist testified that he examined the contents of the capsule and that such was found to be a mixture of seco barbital and barbiturate acid. He further testified that the capsule was manufactured by Eli Lilly.

Testifying as a witness in his own behalf, appellant denied that he possessed the capsule (state's exhibit # 1) in question and that Officer Lewis found the same on his person in the search.

■ We first overrule appellant's contention (ground of error # 6) that the evidence is insufficient to support the conviction because the proof failed to show that the capsule alleged to have been found on his person was a dangerous drug within the meaning of Art. 726d, P.C.

The term "dangerous drug" as defined in Sec. 2(a) of the statute includes "(1) Any barbiturate or other hypnotic drug." A "barbiturate," under the terms of the statute, includes " * * * barbituric acid derivatives * * *."

Chemist McDonald testified that the capsule in question contained a mixture of "seco barbital and barbiturate [sic] acid." He further testified that the derivative of barbiturate is addictive and one referred to as "barbiturate [sic] acid, sleeping pills."

Appellant in person and through his counsel also offered to stipulate, among other things, that the chemist would testify that the capsule in question was a barbiturate. Although the state did not agree to the stipulation, such offer was in fact made by appellant.

We also overrule appellant's grounds of error # 7 and # 8, which contend that the evidence is insufficient to support the conviction because (1) the chain of custody of the capsule from the arresting officer to the chemist was not shown, and (2) it was not shown that the capsule in question (state's exhibit # 1) was the one found on appellant's person.

In his ground of error # 1, appellant insists that the court erred in failing to grant a mistrial following a certain statement made by state's counsel in his closing argument to the jury.

The record reflects that after appellant had taken the witness stand in his own behalf state's counsel James testified on rebuttal that the appellant's general reputation for truth and veracity was bad. In his closing argument to the jury, Counsel James, in referring to appellant, stated:

"People know he is a habitual liar. I know this personally."

Appellant's objection to the statement on the ground that it constituted unsworn testimony was by the court sustained and the jury was instructed, in effect, not to consider the statement.

■ While the statement offended the rule prohibiting the giving of unsworn testimony to the jury in oral argument—which, under some circumstances, will call for a reversal of the conviction—we do not agree that under the facts in the instant case a reversal is demanded. The jury had before it the testimony of the prosecuting attorney to the effect that appellant's general reputation for truth and veracity was bad. This testimony, alone, would authorize the jury to conclude that, as a witness, appellant was not worthy of belief. Under such record and in view of the instruction to the jury not to consider counsel's statement, the court did not err in refusing to grant a mistrial. See: Louis v. State, 150 Tex.Cr.R. 488, 202 S.W. 2d 679.

We overrule appellant's ground of error # 5, wherein he contends that a new trial should be granted "because of the imprudence of state's attorney testifying as to the defendant's reputation for truth and veracity."

■ A prosecuting attorney may be a competent witness against an accused in a criminal case and give testimony as to his reputation. O'Neal v. State, 106 Tex.Cr.R. 158, 291 S.W. 892.

It should be observed, also, that no objection was made by appellant to the prosecutor's testimony on the ground now urged.

■ In his ground of error # 2, appellant insists that the court erred in permitting Officer Lilley to testify, in substance, that the only way he could have felt the capsule on appellant's person would have been by running his hand inside his pocket, over appellant's objection that such called for a conclusion on the part of the witness.

We perceive no error, as the court limited the witness's answer and testimony to his (the witness's) own knowledge. Further, the capsule which Officer Lewis testified he found in appellant's pocket was admitted in evidence without objection.

By his grounds of error # 3 and # 4, appellant complains of the court's action in permitting Chemist McDonald to testify as to the hypnotic effect of barbiturates on human beings and to state that barbiturates had the nickname of "goof balls."

■ We perceive no error and are cited to no authority by appellant which would call for a reversal of the conviction. The chemist's testimony was admissible to prove that barbiturates are hypnotic drugs within the meaning of Art. 726d, supra.

The judgment is affirmed.

## DISSENTING OPINION

MORRISON, Judge.

Officer Lewis testified that he found one pill on appellant's person at the time of his arrest. Appellant, testifying in his own behalf, denied that he had any such pill in his possession or that the arresting officer had found the same on his person at the time of the arrest.

The issue thus became clearly drawn as to who the jury were to believe.

The State, through the prosecutor conducting the case, offered the testimony that appellant's reputation for truth and veracity was bad. We will not pause here to comment upon the propriety of a lawyer becoming a witness in a case in which he is an advocate because here the prosecutor in his argument added the following:

"People know he (the appellant) is a habitual liar. I know this personally."

In his argument, the prosecutor went much further than he went in his testimony, and at a time when he could not have even cross examined. Therein lies the grossness of this error.

Louis v. State, 150 Tex.Cr.R. 488, 202 S.W.2d 679, cited by the State and adopted in the majority as authority for affirming this conviction cannot be held to be authoritative here because according to the record in such case the court did all that was requested of him when he instructed the jury not to consider the unsworn testimony of the prosecutor. The record in Louis reflects that no motion for mistrial was made and it has long been the rule in this State that an appellant must continue to object until he gets an adverse ruling of the court. See Baker v. State, Tex. Cr.App., 368 S.W.2d 627.

Here a motion for mistrial was made and under the holding of this Court in Woodard v. State, Tex.Cr.App., 368 S.W. 2d 623; Shelton v. State, Tex.Cr.App., 367 S.W.2d 867, and Puckett v. State, 168 Tex. Cr.R. 615, 330 S.W.2d 465, I conclude that error is reflected and respectfully dissent.