**Jeffery LUSK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41167.**

Court of Criminal Appeals of Texas.

Sept. 16, 1968.

Rehearing Denied Nov. 13, 1968.

Jack Shriver, San Angelo, Thomas R. Ashley, New York City, for appellant.

Willie B. DuBose, County Atty., Jimmie D. Oglesby, Asst. County Atty., Midland,

and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is under Art. 1147, P.C., for aggravated assault upon a female; the punishment, two years' confinement in jail.

The state's testimony shows that on the day in question the appellant was an adult male, twenty-two years of age. The injured party, a young girl then sixteen years of age, testified that as she was walking down Texas Avenue in the city of Midland toward her parked car, she observed appellant standing next to a sign where there once had been a parking meter. As she passed, appellant said he wanted to ask her a question. She said nothing, and kept walking past him. Appellant then "came over" and put his hand on her arm and said, " 'I want to ask you a question.' " When she stopped and turned around, appellant said, " 'Can I eat you?' " She ran to her car, being followed by appellant, drove away, and first reported the incident to a friend and then to her mother. The injured party testified that by reason of appellant's actions she was nervous and scared and that the remark made by him was offensive to her.

It was further shown that within approximately thirty minutes after the incident related by the injured party, the appellant on separate occasions accosted two other women who were walking on a sidewalk and asked them similar questions.

We first overrule appellant's contention that the court erred in overruling his motion for an instructed verdict on the ground that the state's proof failed to show an act of violence committed by him upon the injured party with the intent to injure her.

Art. 1138 of our Penal Code reads, in part, as follows:

"Assault and battery

"The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery * * *."

Art. 1139 of the Code provides:

"Intent presumed, and 'injury'

"When an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention. The injury intended may be either bodily pain, constraint, a sense of shame or other disagreeable emotion of the mind."

■ Under the provisions of Art. 1147, P.C., an assault becomes aggravated when committed by an adult male upon the person of a female.

The court in her charge to the jury gave application of the law to the facts.

■ Under the decisions of this court in cases of assault, the least touching of another's person wilfully is a battery. Norton v. State, 14 Tex. 387; Johnson v. State, 17 Tex. 515; Ward v. State, 68 Tex. Cr.R. 154, 151 S.W. 1073. Every battery includes an assault.

■ No evidence was presented by appellant that his act of touching the injured party was innocently or accidentally done. That appellant's act caused a sense of shame and disagreeable emotions to the injured party's mind is shown by her testimony. Under such facts, the intent to injure was shown. The act of appellant in touching the injured party in such manner as to cause her disagreeable emotion of mind constituted an assault. Poldrack v. State, 86 Tex.Cr.R. 272, 216 S.W. 170.

Error is urged to the court's action in refusing appellant's motion to waive his (appellant's) presence at the trial. In the motion, appellant alleged that because he was a colored male and the injured party was a white female he could not receive a fair trial by a jury aware of such racial distinction.

 

Art. 33.03, C.C.P., provides, in part, as follows:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail * * *."

■ Under such statute, appellant was not entitled to be tried in absentia. We do not agree that the statute is unconstitutional.

It should also be observed that upon the voir dire examination of the jury panel, as stipulated by the parties, there was no showing of any bias or prejudice toward appellant by reason of color or race.

Error is urged to the court's action in admitting the evidence showing appellant's separate acts of accosting the two other females on the day in question, over the objection that such constituted proof of extraneous offenses.

■ We perceive no error, as the evidence was admissible under the exception to the general rule prohibiting proof of extraneous offenses on the issue of appellant's intent in assaulting the injured party on the occasion in question. Blum v. State, Tex.Cr.App., 417 S.W.2d 66; O'Neal v. State, Tex.Cr.App., 421 S.W.2d 391.

■ There being no physical injury to the injured party, the state did not rely upon the statutory presumption of intent to injure, and was required to prove such intent. 4 Branch's P.C.2d 92, Sec. 1704.

■ Appellant's remaining grounds of error complaining of the court's charge are not before us for review, no objection or requested charges having been presented to the court in writing, as required by Arts. 36.14 and 36.15, C.C.P. Smith v. State, Tex.Cr.App., 415 S.W.2d 206.

The judgment is affirmed.