Herbert A. THAYER, Appellant,

v.

The STATE of Texas, Appellee.

No. 42635.

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

Rehearing Denied March 18, 1970.

############ 497

B. Guy Smith, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

The offense is unlawfully carrying a pistol; the punishment, a fine of $500.00.

No grounds of error are set forth in a brief filed in the trial court as required by Article 40.09, Vernon's Ann.C.C.P.

We have examined the record and find nothing contained therein which we should consider as unassigned error under Section 13 of said Article.

No question based on indigency is raised.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

On original submission this cause was affirmed in a per curiam opinion with the court noting that no appellate brief had been filed as required by Article 40.09, Sec. 9, V.A.C.C.P.

On rehearing for the first time appellant has filed a brief contending the trial court erred in refusing to charge the jury, as requested, to acquit the appellant if he possessed the pistol in question only on his own premises. See Articles 483 and 484, Vernon's Ann.P.C. Appellant urges that we consider this contention as unassigned error "in the interest of justice." See Article 40.09, Sec. 13, V.A.C.C.P.

■ If we were to consider the same as unassigned error, we would first have to observe that we find no special requested charge or objection in writing to the court's charge as required by Articles 36.14 and 36.15, V.A.C.C.P. We do find in the transcription of the court reporter's notes, after the close of the testimony, an oral objection to the court's charge on the basis claimed. Assuming that such objection was made prior to the charge being read to the jury, attention is called to Smith v. State, Tex.Cr.App., 415 S.W.2d 206. There this court held that the requirements of Articles 36.14 and 36.15, supra, would control over the provisions of Article 40.09, Sec. 4, V.A.C.C.P., giving effect to a transcription of the court reporter's notes which are certified and included in the record on appeal. See also Seefurth v. State, Tex.Cr.App., 422 S.W.2d 931; Bryant v. State, Tex.Cr.App., 423 S.W.2d 320; Brock v. State, Tex.Cr.App., 424 S.W.2d 436; Bass v. State, Tex.Cr.App., 427 S.W.2d 624; Lusk v. State, Tex.Cr.App., 432 S.W.2d 923; Black v. State. Tex.Cr.App., 432 S.W.2d 95; David v. State, Tex.Cr.App., 453 S.W.2d 172. Thus where an oral objection to the charge is only dictated to the court reporter, nothing is presented for review.

■ The court reporter's notes indicate she was not requested to take the testimony until shortly before the State rested its case in chief. From the record before us we note that Houston police officers observed an automobile with a defective muffler and followed it. As they pulled into the parking area of a business establishment they saw the appellant, who had been the driver of the automobile, standing near the automobile with a pistol in his hand.

The business establishment was that of the appellant. It is clear from the defensive testimony appellant had the pistol with him in the automobile. We cannot conclude that the evidence was such as to have required the court to have responded to the objection, even if it had been properly and timely presented.

Appellant's motion for rehearing is overruled.